## Boscola, Appellant, *v.* Pennsylvania Coal & Coke Co.

*Workman's compensation—Workmen's Compensation Act—Article III, Section 301—"Premises" defined—Conclusions of Law—Review.*

The word "premises" as appearing in the Workmen's Compensation Act, cannot be enlarged in its meaning and application to include land and property other than that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged.

A road may be part of such premises when it is used in connection with the actual place of working, where the employer carries on the business in which the employee is engaged.

In a claim under the Workmen's Compensation Act, it appeared that claimant fell and was injured, while proceeding along a roadway to the scene of his employment. It appeared that the roadway was owned by the defendant company and that it connected a mine and houses, also owned by defendant but was a part of its residential section where the employees lived and had no connection with the operation of its plant. Under such circumstances the injured employee was not entitled to compensation.

The appellate court has power to review the conclusion of the Workmen's Compensation Board, the question involved being one of law as to the legal meaning of the word "premises."

Argued April 21, 1927. Appeal No. 30, April T., 1927, by plaintiff from judgment of C. P. Cambria County, December T., 1925, No. 808, in the case of Michael Boscola v. Pennsylvania Coal & Coke Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before EVANS, P. J., McCANN, J., and REED, P. J., O. C.

The facts are stated in the opinion of the Superior Court.

The Court reversed the decision of the Compensation Board. Plaintiff appealed.

*Error assigned* was, among others, the order of the Court.

*Peter P. Jurchak*, for appellant, cited: Tolan v. P. & R. & I. Co., 270 Pa. 12; Meucci v. Gallatin Coal Co., 279 Pa. 184; Shickley v. P. & I. Co., 274 Pa. 360; Mauchline v. State Insurance Fund, 279 Pa. 524; Fornatti v. Tower Hill C. Coke Co., 77 Superior Ct. 122.

*Francis A. Dunn*, for appellee.

OPINION BY TREXLER, J., July 8, 1927:

The defendant company operates at least two coal mines, one being known as No. 3, at which the claimant

was employed. The company also owns five rows of houses and a roadway which it maintains, leading from the various houses and furnishing access to and from the same and used by the people generally when they have occasion to visit the persons occupying the houses. At the point on the roadway about 1000 feet from the tipple of No. 3 mine, there was an abandoned opening out of which there was a flow of water which came upon the roadway and formed ice. At that place, at about seven o'clock, when the plaintiff was on his way to work, about four hundred feet from his house, he slipped on the ice and injured his leg.

In order to recover under the Workmen's Compensation Act of June 2, 1915, P. L. 736, he must come under the provisions of Article III, Section 301: "The term 'injury by an accident in the course of his employment,' as used in this article, shall......include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment."

Both the Referee and the Compensation Board held that the accident occurred on the premises of the employer. The basis for their opinion was that the operations carried on by the defendant were unified and that the house and mining operations, although more than 1000 feet apart, both being the property of the defendant, were parts of one operation. We think the court below was right in concluding that the facts of this case did not permit any such conclusion to be drawn.

In the case of Shickley v. P. & R. C. & I. Co., 274 Pa., 360, the Supreme Court states "There is a distinction between the word 'premises' as used in the act, and

the word 'property,' and the word premises cannot be enlarged in its meaning and application so as to include land or property (outside of that used in connection with the actual premises where the employer carries on the business in which the employee is engaged)........ Therefore, the mere fact that the defendant company owned the land on which the claimant was injured was not sufficient to establish the right for compensation.'' The plaintiff was injured before he reached the actual scene of his employment. It is true he was on a road maintained by the defendant company, but the road furnished access to the houses owned by the company and was a part of the residential section where employees lived and had no connection with the operation of the plant. ''The word 'premises,' as appearing in the compensation act, does not include all property owned by the employer, but does embrace that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged.'' Meucci v. Gallatin Coal Co., 279 Pa. 184.

The road may be a part of such premises, but such road must be ''used in connection with the actual place of work where the employer carries on the business in which the employee is engaged.'' Tolan v. P. & R. C. & I. Co., 270 Pa. 12.

We have no doubt about the power of the court below and of this court to review the conclusion of the Referee and the Board. It is not a question of fact. It is a question of law as to the legal meaning of the word ''premises'' and ''whether the evidence brings plaintiff's case within the statutory definitions thus involved is a question of law.'' Carville v. Bornot & Co., 288 Pa. 104, 111.

The judgment is affirmed.