## Black *v.* Herman et al., Appellants.

Argued April 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*H. Rook Goshorn,* with him *Frank R. Ambler* and *Harry S. Ambler, Jr.,* for appellant.—Injuries received while going to and returning from work are not compensable: Palko v. Taylor McCoy Co., 289 Pa. 401; Maguire v. James Lees & Sons Co., 273 Pa. 85; Rotola v. Furnace Co., 277 Pa. 70; Shickley v. C. & I. Co., 274 Pa. 360; Boscola v. C. & C. Co., 90 Pa. Superior Ct. 456; Meucci v. Coal Co., 279 Pa. 184; Tolan v. C. & I. Co., 270 Pa. 12.

*I. Bernard Rotberg,* for appellee, cited: Tolan v. C. & I. Co., 270 Pa. 12; Meucci v. Coal Co., 279 Pa. 184.

OPINION BY MR. JUSTICE WALLING, May 22, 1929:

The business of Max Herman, the defendant, was conducted on the fourth floor of the building located on the southwest corner of Third and Cumberland Streets, Philadelphia, of which he was the tenant. This was reached by an entrance platform and flights of stairs. On the morning of January 14, 1927, as the claimant, Jacob Black, an employee of defendant, came to his work, he slipped on the platform and broke his leg. This appeal by defendant and his insurance carrier is from an affirmance of an award in favor of the claimant.

An examination of the record and relevant authorities discloses no cause for reversal. Defendant's tenancy, whether so expressed in his lease or not, included the stairs and platform so far as necessary to afford him and his employees free ingress and egress to and from his apartment. Hence, the platform was a part of the employer's premises and the case bears no analogy to an injury sustained by an employee on a public street. Plaintiff was injured on the premises where the employer's business was carried on and his presence there was required by the nature of his employment; therefore

the case falls directly within section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 738. The case of Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70, where compensation was refused, is inapplicable, as the servant there was not hurt at a place required by his work. An injury sustained by a servant in attempting to reach his place of work through an entrance way to the master's premises, which the latter has provided for the former's use, is compensable: Tolan v. Phila. & Reading C. & I. Co., 270 Pa. 12. This is decisive of the instant case. Ross v. Howieson, 191 N. Y. S. 276, where an employee in reaching her work on an upper floor slipped on a piece of coal, while ascending the stairs, is practically on all fours with the case in hand. There the Supreme Court in a majority opinion denied compensation, but the case was reversed in the court of appeals. See 134 N. E. 589. The same rule applies where an employee is injured while going to or from his work in an elevator (White v. E. T. Slattery Co., 127 N. E. (Mass.) 597; Latter's Case, 130 N. E. (Mass.) 637), or on a stairway: In re Sundine, 105 N. E. (Mass.) 433.

While the term "premises" does not include all property owned by the master, it does include so much thereof as is necessary for the conduct of the business and may even embrace a public street maintained by him: Meucci v. Gallatin Coal Co., 279 Pa. 184. On the other hand roads or paths over remote properties of the master, not a part of the plant, although sometimes used by employees in going to and from work, are not a part of the employer's premises within the statute: See Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401; Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360; Humbert v. P. & R. C. & I. Co., 93 Pa. Superior Ct. 250; Boscola v. Penna. Coal & Coke Co., 90 Pa. Superior Ct. 456.

A servant having entered the master's premises to take up the work of the day is within the protection of the Workmen's Compensation Act, although the tools are not yet in his hands. Here claimant entered the

premises in the course of his employment. A servant is even entitled to this protection while being carried to and from work by the master as a part of the contract of hiring: Campagna v. Ziskind, 287 Pa. 403; Littler v. George A. Fuller Co. (N. Y.), 119 N. E. 554.

The judgment is affirmed.