Johnson v. Baldwin Locomotive Works, Appellant.

Argued November 18, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*J. Borton Weeks,* of *Taylor, Chadwick & Weeks,* and
with him *Paul Lane Ives,* for appellant.—Decedent

at the time of the accident had abandoned his employment: Cymbor v. Binder C. Co., 285 Pa. 440; Tolan v. Phila. & Reading C. & I. Co., 270 Pa. 12; Rotola v. Punxsutawney Furnace Co., 277 Pa. 70; Hunter v. American Steel & Wire Co., 293 Pa. 103; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480; Shickley v. Philadelphia & Reading Coal & Iron Co., 274 Pa. 360 (1922); Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401 (1927).

*H. Eugene Heine*, and with him *Arthur C. Hirst*, for appellee.—The decedent was in the course of his employment when he was killed: Hale v. Savidge Fire Brick Co., Superior Ct. 454; Dzikowska v. Superior Steel Co., 259 Pa. 578; Granville v. Scranton Coal Co., 76 Superior Ct. 335; Young v. S. S. White Dental Co., 6 W. C. B. 92; Waite v. Pittsburgh Limestone Co., 78 Superior Ct. 7; Leary v. McIlvaine, 263 Pa. 449; Berlin v. Crawford, 86 Pa. Superior Ct. 283; Flucker v. Carnegie Steel Co., 263 Pa. 113; Callihan v. Montgomery, 272 Pa. 56.

Opinion by Linn, J., January 29, 1930:

Appellant states the question involved as follows: "In a Workmen's Compensation case, did the accident occur on the premises of the defendant, or were the injuries received away from the actual place of employment during a deviation or departure so wholly foreign to the employee's duties as to amount to an abandonment of employment?" The referee found that the accident occurred on the premises while the employe was in the course of his employment; and the board and the court below affirmed the awards made to the widow and children.

As it is not disputed that the injury occurred on appellant's land, the first part of the question—"did the accident occur on the premises of defendant"—involves consideration of the employe's right to be where

he was at the time of injury. And as it is agreed that the injury occurred during working hours, the second part of the question involves inquiry whether the employe abandoned his employment and sustained injury while on an adventure of his own. Whether the evidence brings the claim within the statutory definition is a question of law: Boscola v. Penna. Coal Co., 90 Pa. Superior Ct. 456; Carville v. Bornot, 288 Pa. 104, 111.

Injury occurring in the course of employment is defined in Art. III, Sec. 301 of the Act (1915, P. L. 738) and it has been described as "broad enough to include every injury received on the premises of the employer, during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto." (Callihan v. Montgomery, 272 Pa. 56.) When, as here, there is evidence that the employee was injured by the employer's shifting engine operating in the employer's plant during his working hours, a prima facie case is made out, and to avoid liability, the employer must show some condition or conditions which, under the statute, relieve him from paying compensation. In Black v. Herman, 297 Pa. 230, 232, it is said: "While the term 'premises' does not include all property owned by the master, it does include so much thereof as is necessary for the conduct of the business and may even embrace a public street maintained by him: Meucci v. Gallatin Coal Co., 279 Pa. 184. On the other hand roads or paths over remote properties of the master, not a part of the plant, although sometimes used by employees in going to and from work, are not

a part of the employer's premises within the statute: See Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401; Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360; Humbert v. P. & R. C. & I. Co., 93 Pa. Superior Ct. 250; Boscola v. Penna. Coal & Coke Co., 90 Pa. Superior Ct. 456.''

The Baldwin plant at Eddystone occupies 600 acres. At various parts are large shops; one of them referred to in the evidence—the tender or tank shop—alone covers 13½ acres. These shops are connected with inter-plant railroad tracks in large number. A switching engine driven by a fellow employee, moving on one of these tracks struck Johnson and so injured him that he died within a few hours. He was a rigger employed at setting up machinery incidental to the removal of the locomotive works from Philadelphia to Eddystone, an excellent workman who also acted as sub-foreman or leader of a gang; such workmen had no fixed place of employment. He was in good health. His foreman was McDermott. On the day of the accident, Johnson and others were placing machinery in the tank shop. During the lunch hour he and McDermott were outside the tank shop (less than 300 feet north of the place of injury) and at about 1 o'clock McDermott instructed Johnson to go on with the work in the tank shop, while he, McDermott, went to the power house in another part of the yard southwest of the tank shop entrance where they had been standing. Johnson and his men finished placing machinery, and after a grinder was set in place, Johnson, without saying where he was going, left the gang; this, according to one witness, was at about 1:55 P. M. No witness was called who saw or heard anything of him until about 2:30 when a shifting engine struck him on a plant railway track at a point about 280 feet south of the entrance to the tank shop. The place of injury was not an isolated spot far away from the plant activity but, as the map

in the record shows, was a place more or less surrounded by plant operations. While there is much conjecture in the briefs concerning his movements and occupation between 1:55 P. M. and 2:30 P. M. (all inferences from the evidence are to be drawn in claimant's favor: Conin v. American Oil Co., 298 Pa. 336) appellant admitted on the record that there were periods of no-work, called rest-periods, between jobs, and that during such periods, these workmen might rest, and while doing so, could not be regarded as having abandoned their work; (Granville v. Coal Co., 76 Pa. Superior Ct. 335, 341; Palko v. Taylor-McCoy, 289 Pa. 401, 405). It is also in evidence that if it was necessary to go about to find his foreman, or to get tools, it was Johnston's duty to do so. One of the inferences proposed is, that as McDermott, the foreman, had told Johnson he was going to the powerhouse, Johnson, having finished his job in the tank house, might have gone to the powerhouse in search of his foreman, and that his course to or from that point could have taken him along the railroad track on which he was injured. Employes constantly went along the railroad tracks, and there was no restriction against it. But we attach little importance to these conjectures in reaching our conclusion on the merits. The evidence supports the finding that the place of injury was part of the employer's premises for one engaged as Johnson was; the injury took place during working hours; there is no proof of "virtual abandonment of the course of his employment ...... or that he ...... was engaged at something wholly foreign thereto" (Callihan v. Montgomery, supra), nor is there any proof that would destroy the effect of the prima facie case so made out as shown by the finding of the referee which the statute has made conclusive on appeal.

Claimant's husband was in the course of his employment on the employer's premises within the rule ap-

plied in the following cases in which the rule was discussed and in which it was held that the injury occurred on the premises: Flucker v. Steel Co., 263 Pa. 113; Tolan v. Phila. & Reading C. & I. Co., 270 Pa. 12; Malky v. Kiskiminetas Coal Co., 278 Pa. 552; Granville v. Coal Co., 76 Pa. Superior Ct. 335; Berlin v. Crawford, 86 Ib. 283; McAdams v. Pearson, 92 Ib. 152; Waite v. Limestone Co., 78 Ib. 7; Herman v. Black, 297 Pa. 230; and the conclusion is consistent with the following cases in which by the application of the same rule, it was held that the employe when injured was not on his employer's premises: Kuca v. L. V. Coal Co., 268 Pa. 163, 166; Short v. Hughes Coal Co., 96 Pa. Superior Ct. 237; Boscola v. Pa. C. & C. Co., 90 Ib. 456; Humbert v. P. & R. C. & I. Co., 93 Ib. 250; Hunter v. American S. & W. Co., 293 Pa. 103; Shickley v. Penna. & Read. C. & I. Co., 274 Pa. 360; Gurski v. Coal Co., 262 Pa. 1.

But the court below has not entered judgment as required by the statute. The order made is that ``...... judgment is hereby entered in favor of the plaintiff and against the defendant under the Act of June 16, 1919, P. L. 665, Section 427.'' That is not sufficient but the omission can be rectified without difficulty. Sec. 427, P. L. 466, requires that ``........ the court shall enter judgment for the total amount stated by the award or order to be payable whether then due and accrued or payable in future instalments.''

The record is remitted with instructions to amend the order entering judgment to comply with the statute, and, so amended is affirmed.