DiCicco, Appellant, *v.* Downs Carpet Company, Inc.

Argued October 5, 1939. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Maurice S. Levy,* for appellant.

*Wayland H. Elsbree,* with him *Paul H. Ferguson,* and *White & Staples,* for appellee.

OPINION BY RHODES, J., November 17, 1939:

Claimant was awarded compensation by the referee for injuries which he accidentally suffered as an employee of defendant. The award was affirmed by the board, but the court below sustained defendant's exceptions to the award of the board, and entered judgment for defendant. Claimant has appealed.

The referee and the board found that the accident occurred on the premises of defendant, and that therefore the accidental injuries were received during the course of appellant's employment with defendant. The court of common pleas on appeal from the board held that the board was in error in affirming the referee's determination that appellant brought his case within the purview of section 301(c) of The Workmen's Compensation Act of June 4, 1937, P. L. 1552, 77 PS §411. The only question before us on this appeal, as before the court below, is whether appellant was injured in the course of his employment while on the premises of his employer within the meaning of section 301(c) of The Workmen's Compensation Act, 77 PS §411; the inquiry is, Was a rear stairway a part of the "premises" of defendant employer?

The facts material to this issue are not in dispute, and whether the facts as disclosed by the evidence bring appellant's claim within the statutory definition of "premises" is a question of law. *Johnson v. Baldwin Locomotive Works*, 98 Pa. Superior Ct. 28; *Wiles v. American Oil Co. et al.*, 105 Pa. Superior Ct. 282, 161 A. 467.

Appellant, on January 17, 1938, was in the employ of defendant, which leased the fourth floor of a building at Indiana Avenue and A Street, Philadelphia. In the rear the building abutted on Tusculum Street. A passenger elevator and a stairway located in the front of the building provided for ingress and egress to the fourth and other floors of the building. A rear stair-

way also led from the fourth and other floors to Tusculum Street. Tenants of the second and third floors used the rear stairway as a means of ingress and egress. On the fourth floor occupied by defendant the door to the rear stairway could be opened from the inside but not from the outside. At the third floor landing there was also a gate which could be opened by persons descending the steps but not by persons ascending. Appellant finished his work at 4:30 p. m. on January 17, 1938, and left his place of employment by the rear stairway. As he was descending these steps he slipped at a point between the fourth and third floors, and was injured. He crawled down to the second floor where he succeeded in attracting the attention of an employee on that floor, who had him removed to the hospital. Appellant had used the back steps on other occasions, and there is no testimony that he had ever been forbidden to use this exit in leaving his place of employment on the fourth floor of the building in question. The rear stairway was described as an emergency fire exit, although it was regularly used by the tenants of the second and third floors as a means of ingress and egress. The stairs in the rear were also described by defendant's foreman as "just ordinary wooden stairway, about seven steps and a landing and about seven more steps and then another landing."

George T. Downs, president of defendant company, testified that the rear stairway was a fire tower from the fifth floor to the first floor, and that the normal and usual method of ingress and egress to defendant's plant on the fourth floor was from the front "either by elevator, passenger elevator or stairway, which is also a fire tower." This witness also testified, in substance, that the use of the rear stairway was not forbidden because it was provided as an outlet in the event of fire. At most, the employees of defendant were "not supposed to" use the stairs in the rear.

Defendant's lease contained the following: "The en-

tire fourth floor (except halls, stairways, elevator shafts, etc., for public use) of the main building known as the Devlin Mill, located at the southwest corner of Indiana Avenue and "A" Street, Philadelphia, Pa."

We think that the rule applicable to the instant case may be stated thus: An accidental injury sustained by an employee while going to or from his work in his employer's place of business in an elevator or on a stairway, provided for the former's use, is compensable. *Black v. Herman et al.*, 297 Pa. 230, 146 A. 550. See *Ross v. Howieson*, 232 N. Y. 604, 134 N. E. 589, reversing 198 App. Div. 674, 191 N. Y. Supp. 276. In *Black v. Herman et al.*, supra, the employer's business was conducted on the fourth floor of a building which was reached by an entrance platform and three flights of stairs. One morning as the plaintiff was on his way to work he slipped on this platform and broke his leg. The injury was held to be compensable. The Supreme Court said (page 231): "Defendant's tenancy, whether so expressed in his lease or not, included the stairs and platform so far as necessary to afford him and his employees free ingress and egress to and from his apartment. Hence, the platform was a part of the employer's premises and the case bears no analogy to an injury sustained by an employee on a public street."

We are of the opinion that the rear stairway was as much a part of the premises of defendant as the front stairway. One was as necessary as the other. It is undisputed that the front stairway and elevator were provided for the use of tenants, including defendant's employees, as a means of ingress and egress, to and from the respective floors of the building. It is also conceded that the rear stairway was available and intended for use, but defendant contends that it was to be used by tenants above the third floor only in the event of fire, and that usage of such stairway, otherwise, by an employee to leave his place of work on the

fourth floor deprived him of the protection of the Workmen's Compensation Act.

We are unable to subscribe to this distinction. The rear stairway was a way provided for leaving defendant's premises, and its use was not prohibited. The elevator was the customary means used by employees to reach and leave the fourth floor, but both stairways or fire towers were usable and equally necessary in case of fire or other emergency for egress from defendant's place of business, and consequently, under the circumstances shown, they were part of the premises connected with the place of employment same as the elevator. How the front stairway was equipped does not appear in the record. The rear stairway permitted free egress from defendant's place of business on the fourth floor, and naturally there was provision made to prevent those who had no business there from entering thereby. If appellant had sustained his injuries while going down the front stairway or the elevator there would be no question on the record in this case about his right to compensation, and no plausible reason has been advanced to deny him compensation although his injury occurred on the rear stairway as he was leaving his place of employment on the fourth floor at the conclusion of the day's work. Both were so-called fire towers, and appellant could use either. The fact that one may have been more frequently used does not deprive the other of its characteristic as a part of defendant's premises. It is also in the evidence that this rear stairway was generally and regularly used as a means of ingress and egress by the employees of the tenants of the second and third floors. As to such it was unquestionably part of the "operating premises." We are not convinced that it lost this attribute from the fourth floor to the third. This is especially true in the absence of any attempt by defendant to prohibit the use of the rear stairway by its employees.

We think that the award should have been sustained.

Judgment of the court below is reversed, and the record is remitted with direction to enter judgment on the award in favor of claimant and against defendant.