Dougherty, Appellant, *v.* Bernstein & Son et al.

Argued March 4, 1947. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Gomer W. Morgan,* for appellant.

*Frank M. Walsh,* for appellee.

OPINION BY ARNOLD, J., April 16, 1947:

In this workmen's compensation case the question is whether the claimant-appellant was injured in the course of her employment, on the premises of her employer, within the meaning of §301 (c) of the Workmen's Compensation Act, 77 P. S. §411. The compensation authorities made an award which the court below reversed. While the undisputed facts are novel, the rules of law are familiar.

The employer-defendant was a fourth-floor tenant of premises at 312 Penn Avenue in the city of Scranton, under a sublease from the lessee of the whole building. Such claimant, on her way to work in the fourth-floor business place of her employer, is "on the premises of the [her] employer" while in the halls, stairs or elevators of the buildings in which the business is: *DiCicco v. Downs Carpet Company, Inc.,* 137 Pa. Superior Ct. 483, 9 A. 2d 183; *Black v. Herman et al.,* 297 Pa. 230, 146 A. 550. Generally speaking, the usual means of access, within the landlord's building, to the tenant's place of business, are the premises of the tenant-em-

ployer. When the employe enters the master's premises to take up work, she is within the protection of the Act, although the implements of the work are not yet in her hands: *Black v. Herman et al.*, 297 Pa. 230, 146 A. 550.

A peculiar situation exists in a part of the city of Scranton, including the 300 block of Penn Avenue, as to lots laid out in the original town plot. Therein each lot includes what is colloquially called a "ten-foot reservation",[1] between the lot proper and its building and the street as laid out. Thus, there is a cartway, paralleled by a ten-foot sidewalk (the two constituting Penn Avenue), in turn paralleled by the "reservation" ten feet wide, which thus separates the lots from the street, i. e., cartway and sidewalk. The owner of each lot along this "reservation" has the right, under the deeds, *"to enclose, occupy and use* ten (10) feet in front of the front line of said lots for yard, vault, porch, piazza, bay-window and cellarway." (Emphasis supplied.) The lot owner may therefore not erect a building upon the "reservation", but he must cross it to reach his building from the sidewalk of the street. It is as though the lot lines extended to the street, with a building restriction as to the front ten feet.

[1] The incidents of this are discussed by Judge EDWARDS in *Commonwealth ex rel. John Jermyn v. John Nelson, Inspector of Buildings*, 3 Lack. Jur. 261, 263: "'This lot is rectangular; and there is conveyed therewith the privilege to fence in and occupy ten feet in front of the front line of the lot both upon Wyoming avenue and Spruce street for purposes of yard, piazza, porches, cellar-ways, vaults, and bay-windows.' Then follow the usual clauses, by which the appurtenances, reversions and remainders, and all the estate of the grantor in the premises are assured to the grantee, his heirs and assigns. It will be observed that as to the ten foot privilege the use of it is unrestricted as to time; it vests in the grantee, his heirs and assigns forever; nothing is expressly reserved or excepted for the benefit of the grantor; and there is no act to be performed by the grantee upon the performance of which the conveyance of the privilege is to depend or the enjoyment of it continued. We think the conveyance of the ten foot privilege is a fee simple title, burdened with a restricted use running with and inseparably attached to the land."

Some of the lot and building owners in the 300 block of Penn Avenue have erected skylights, trapdoors and cellarways on the "reservation".[2] The owner of 312 Penn Avenue has built no structures on it, but instead has extended the paving from the city sidewalk to his building line, and this is usable by pedestrians. It is conceded that this owner has not lost his right to use the reservation or to erect the allowed structures thereon, or to inclose it completely or fence it, at any time desired.

Mary Dougherty, the claimant, was an employe of the defendant, whose place of business was on the fourth floor of 312 Penn Avenue, subleased from the lessee of the whole building. She was on her way to work and in order to get from the sidewalk to the building she had, of necessity, to cross the "reservation". From the public thoroughfare to the doorway of the building there was no other means of access to her place of work. It was analogous to an uninclosed hallway to or in the building.

Whether the claimant was, when injured, "employed" within the statutory definition of "premises of the employer" is a question of law where the facts are undisputed : *DiCicco v. Downs Carpet Company, Inc.*, 137 Pa. Superior Ct. 483, 9 A. 2d 183.

If the "reservation" had been inclosed by a fence with a wicket therein (as the owner concededly has the right) it would be apparent that after the employe passed through the gate she was on the premises of her employer. In such respect there is no difference between the employe of the occupier of the whole building and the employe of a tenant thereof. The "reservation" was the only means of ingress, egress and regress of the building and her employer's place of business. The benefits of the Act cannot turn upon whether the owner inclosed it, as he had a right to do, or left it open, as he did.

---

[2] Referee's 17th finding of fact affirmed by the board.

The "ten-foot reservation" being the exclusive access to the building in which the claimant was employed, she was, in this case, injured on the premises of her employer and was entitled to compensation, unless, and only unless, there was evidence that the public had an *actual, enforcible right* to use the "reservation" longitudinally, at its will, i. e., a dedication or right in the public by prescription, or some similar right. Of this there was no evidence. It therefore follows that the public use of the "reservation" longitudinally, and as if it were a sidewalk, was *permissive* by the owner of the "reservation", who in turn was the owner of the building in which defendant was a tenant. If the halls, stairways and elevators within the building were permissively used by members of the public having no business there, such public use could not deprive the claimant of compensation if she was on her way to work and injured thereon.

The referee and board found the facts, which are not in dispute, and correctly awarded compensation.

The judgment of the court below is reversed, and the record is remitted with directions to enter judgment on the award in favor of the claimant and against the defendants.