## Dunsky v. Philadelphia Transportation Company

*Gerber & Galfand,* for plaintiff.
*George H. Detweiler,* for defendant.

SMITH, P. J., December 29, 1951.—This matter comes before the court on defendant's appeal from award of compensation by the referee, as affirmed by the Workmen's Compensation Board.

The facts are not in dispute. On December 22, 1948, Erna Dunsky, a cashier, employed at the Fairmount Avenue subway station of defendant company, was going to lunch, the period of which was 30 minutes. While ascending the south steps of the subway station to go to the street for this purpose, she fell and was injured. The referee awarded compensation to her, finding as a fact that claimant's disability occurred on the premises of defendant while she was in the course of her employment. The Workmen's Compensation Board affirmed the referee's findings of fact and conclusions of law and the award of compensation.

The sole questions are: Was she in the course of her employment at the time of her injury and was she on

the premises of defendant? There is nothing presented in evidence to show that she was restricted to eat her lunch in the cashier's booth. It is therefore reasonable to assume that she had to ascend the steps of the station to have her lunch somewhere on the street level. She had left the cashier's booth and that part of the enclosed space adjacent to it which was occupied by passengers of defendant. She walked along the station platform in going to the steps. That is the only way she could reach the street other than additional steps of a like nature at the north end of the Fairmount Avenue subway station. It is the contention of defendant that since the public on rainy days may come within the shelter of the subway station that on those occasions the platform is used by others than the customers of the Philadelphia Transportation Company, and the platform is not exclusively a place for its employes and car riders. The Workmen's Compensation Act of June 21, 1939, P. L. 520, sec. 1; 77 PS §411, provides:

"The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

A subway station platform and the steps leading to the street are an integral and essential part of the service of the Philadelphia Transportation Company and are under its exclusive control. If the stairs were closed by barriers, defendant's business at this place would be blocked out. Its customers would not be able to enter or leave its premises and its employes stationed at this place would not be able to function. The fact that some pedestrians on occasions may seek shelter therein from the rain does not cause defendant to lose its control over the platform or the steps. The entire structure from the street level downward is a part of defendant's premises. Claimant was an employe of defendant at the time of her injury. It is admitted that at this time she was going to lunch and that she was due to return to her position within 30 minutes. While she was on her way for nourishment, it seems clear to us that it was just as beneficial to her employer that she be nourished while working as a cashier, as it was to her. To take time off to eat lunch was in furtherance of the business or affairs of her employer, since it is to be reasonably expected that she would do so in order that she could function properly. This was not a purely personal mission. In Ganassi v. Pittsburgh Coal Co., 162 Pa. Superior Ct. 289, 292, 293, it was held:

"We think it is apparent from the facts that claimant was injured on premises upon which appellant's business or affairs were being carried on. In the first place, claimant's accident occurred on the property used in connection with appellant's mine where it carries on the business in which claimant was employed; it follows that the siding is an essential part of appellant's 'operating premises.' DiCicco v. Downs Carpet Company, Inc., 137 Pa. Superior Ct. 483, 487, 9 A. 2d 183; Young v. Hamilton Watch Co., 158 Pa. Superior Ct. 448, 450, 451, 45 A. 2d 261. The siding does not cease to be the 'premises' of the employer in this case although

the public also uses this crossing where the accident occurred. . . .

"In Jenkins v. Glen Alden Coal Co., 126 Pa. Superior Ct. 326, 191 A. 227, the claimant was injured while riding a motor which he had boarded to ride to the foot of the shaft, where he would leave defendant's mine, after the conclusion of his day's work. 'We said (page 329 of 126 Pa. Superior Ct., page 228 of 191 A.) : 'The nature and place of his work required him to use this passageway. He was following an authorized and recognized route and was therefore at the time of the injury where he not only had the right, but necessarily at some time had, to be, to get off the employer's premises. True, his day's duties had ended, but actual work does not have the same meaning as "course of employment". . . . The claimant's employment did not end until a reasonable opportunity had been afforded him to leave his employer's premises.' See, also, Wolsko v. American Bridge Co. et al., 158 Pa. Superior Ct. 339, 348, 44 A. 2d 873."

It was held in Feeney v. N. Snellenburg & Company et al., 103 Pa. Superior Ct. 284, 288, following Black v. Herman, 297 Pa. 230:

"In Black v. Herman, 297 Pa. 230, the employer's business was conducted on the fourth floor of a building, which was reached by an entrance platform and three flights of stairs. One morning as the plaintiff was on his way to work he slipped on this platform and broke his leg. His injury was held to be compensable. The Supreme Court said: 'Defendant's tenancy, whether so expressed in his lease or not, included the stairs and platform so far as necessary to afford him and his employees free ingress and egress to and from his apartment. Hence the platform was a part of the employer's premises and the case bears no analogy to an injury sustained by an employee on a public street. Plaintiff was injured on the premises

where the employer's business was carried on and his presence there was required by the nature of his employment . . .' "

In DiCicco v. Downs Carpet Company, Inc., 137 Pa. Superior Ct. 483,, 486, it was said:

"We think that the rule applicable to the instant case may be stated thus: An accidental injury sustained by an employee while going to or from his work in his employer's place of business in an elevator or on a stairway, provided for the former's use, is compensable. Black v. Herman et al., 297 Pa. 230, 146 A. 550. See Ross v. Howieson, 232 N. Y. 604, 134 N. E. 589, reversing 198 App. Div. 674, 191 N. Y. Supp. 276. In Black v. Herman et al., supra, the employer's business was conducted on the fourth floor of a building which was reached by an entrance platform and three flights of stairs. One morning as the plaintiff was on his way to work he slipped on this platform and broke his leg. The injury was held to be compensable. The Supreme Court said (page 231): 'Defendant's tenancy, whether so expressed in his lease or not, included the stairs and platform so far as necessary to afford him and his employees free ingress and egress to and from his apartment. Hence, the platform was a part of the employer's premises and the case bears no anology to an injury sustained by an employee on a public street."

In Dunphy v. Augustinian College of Villanova et al., 129 Pa. Superior Ct. 262, 265, 266, it was held:

"The fact that he had not started or had finished his actual work is immaterial if at the time of the accident he was on the employer's premises. . . .

" 'The place of employment is not confined to the place at which the workman is employed, but may include the places on the master's premises traversed by the employee in going to and from his work and the places used by the employee with the master's

consent': Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335, 342. See, also Haddock v. Edgewater Steel Co., supra; Malky v. Kiskiminetas Valley Coal Co., 278 Pa. 552, 123 A. 505; Berlin v. Crawford, 86 Pa. Superior Ct. 283."

"It clearly appears that at the time of the accident claimant was not doing something wholly foreign to his employment, nor was there an actual break in his employment, notwithstanding he was at leisure at that particular time: Dzikowski v. Superior Steel Co. et al., 259 Pa. 578, 103 A. 351."

We see no reason to disturb the findings of fact and conclusions of law of the referee as affirmed by the Workmen's Compensation Board. We thus dismiss the exceptions as filed by defendant.