Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, and Mary S. Slaugenhaupt, Widow of Dale Slaugenhaupt, Deceased *v.* United States Steel Corporation, Appellant.

Submitted on briefs, February 4, 1977, to Judges KRAMER, ROGERS and BLATT, sitting as a panel of three. Argued June 7, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard F. Lerach,* for appellant.

*David B. Wasson*, with him *George, Wasson, Sekula, Kovalchick & Irwin*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE ROGERS, July 28, 1977:

The United States Steel Corporation has appealed from an award of workmen's compensation benefits to the widow of a former employee.

The facts were stipulated. The claimant's deceased husband, Dale Slaugenhaupt, was afflicted with epilepsy, a fact known to his employer. On November 11, 1974, Mr. Slaugenhaupt suffered an epileptic seizure while operating his automobile in his employer's parking lot about forty five minutes before he was scheduled to commence work. As a result of the seizure, Mr. Slaugenhaupt lost control of the automobile which thereafter struck two parked vehicles, proceeded 200 feet to and through a chain link fence and over a walkway, and after traveling an additional 189 feet struck and came to rest against a concrete abutment on the employer's property. Mr. Slaugenhaupt died in the accident. His death was caused by blunt force injuries of the head and neck sustained in his automobile after it went out of control. The parties agreed that although the epileptic seizure caused the accident, Mr. Slaugenhaupt's death was "not immediately occasioned by the epilepsy itself, but by the traumatic injuries resulting from the force of the car striking the abutment."

We agree with the referee and the Workmen's Compensation Appeal Board that Mr. Slaugenhaupt's death is compensable.

The issue is whether or not the injuries sustained by Mr. Slaugenhaupt and which caused his death are injuries as defined by Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, P.L. 736, *as amended*, 77 P.S. §411(1), which provides pertinently:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto . . . and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects. . . . The term 'injury arising in the course of his employment,' as used in this article . . . shall include all . . . injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

Section 301(c)(1) was amended to its present form by the Act of March 29, 1972, P.L. 159, §7, effective May 1, 1972, and the Act of October 17, 1972, P.L. 930, §2. *See Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975). Case law, however, prior to the 1972 amendments and interpreting what constitutes course of employment remains applicable. *North American Rockwell Corporation v. Workmen's Compensation Appeal Board,* 21 Pa. Commonwealth Ct. 437, 346 A.2d 379 (1975); *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975).

The statute requires that an injury to be compensable must: (1) arise in the course of employment and (2) be related thereto. *Workmen's Compensation Appeal Board v. Borough of Plum, supra; Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company, supra.* Injuries may be sustained in the course of employment in two distinct situations: (1) where the employee, whether on or off the employer's premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon. *Workmen's Compensation Appeal Board v. L. L. Stearns & Sons,* 20 Pa. Commonwealth Ct. 244, 341 A.2d 543 (1975). The phrase "and related thereto" which follows "arising in the course of his employment" was added by the 1972 amendments referred to earlier. The same legislation removed the formal requirement of Section 301 that the injuries be the result of accident. The combined effect of the two changes is to make all injuries compensable if they are work-related.

U. S. Steel says first, that Mr. Slaugenhaupt's death was not related to his employment as required by the phrase "and related thereto" in the first sentence of Section 301(c)(1), and second, that his death was not caused by the condition of its premises or by the operation of its business or affairs thereon as provided by the last sentence of the same subsection. Although conceding that Mr. Slaugenhaupt was within

the course of his employment when he entered its parking lot which he was required to use within a reasonable time before work, U. S. Steel says that his death was not related to his employment but that it was solely related to his condition of epilepsy. This assertion is plainly contrary to the agreed facts. The stipulation of the parties establishes that Mr. Slaugenhaupt's death was "immediately occasioned" by the injuries suffered in his automobile's progress through the parking lot, and not by his epilepsy.

Workmen's compensation legislation must be given the liberal construction which befits its purpose of ameliorating the condition of workers injured on their jobs. We may not, therefore, interpret the phrase "and related thereto," added by the 1972 amendments (which amendments otherwise greatly enlarged workmen's benefits) as imposing an additional condition to compensability in cases which were compensable prior to the adoption of the 1972 legislation. In our view, the phrase has crucial application only in cases which would not have been compensable prior to 1972; that is, cases in which the injuries do not result from an "accident" as that phrase was formerly variously defined. It will be recalled that the old law's requirement of an accident caused the development of the doctrines of unusual strain and unusual pathological result for application in circumstances where, although no "lay accident" occurred, compensation was granted because, the injury being clearly related to employment, compensation should have been granted. The accident in the case of the unusual strain doctrine was applied by findings that the injuries were the result of unusual exertion by a worker while performing a task not usual to his employment, and in the case of the unusual pathological result doctrine by findings that the accident occurred when the worker tore tissue or broke bones while performing usual

work in usual fashion. Both doctrines caused difficulties for the profession, those relating to the unusual strain doctrine being described in considerable detail by Mr. Justice, later Chief Justice, BENJAMIN R. JONES in *Hamilton·v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969). Justice JONES asked the legislature to undertake a study of the desirability of revising the doctrine. No doubt as a result of that criticism and of general dissatisfaction with the rule that work-related injuries were not compensable except upon a showing of an accident, the legislature in 1972 removed the requirement of an accident. The elimination of this requirement without more would, however, have rendered compensable every injury arising while the worker was in the course of his employment, without regard to whether the injury had any relationship to his employment. For instance, if Mr. Slaugenhaupt had died at his work station as the sole result of an epileptic seizure, his death having arisen in the course of his employment would be compensable. The phrase "and related thereto" was added for the purpose of requiring in cases of injury or death from natural causes, such. as the hypothetical case just given, some proof that the injuries were related to the employment; and in the numerous heart attack cases decided since the adoption of the 1972 amendments, we have required medical opinion that the illness·was related to work activities. Actually in this case, as the parties have stipulated, Mr. Slaugenhaupt did not die from the natural cause of epilepsy but from injuries received in an accident on his employer's premises. If the condition of the premises or the employer's operation thereon caused the injuries, they are compensable. Obviously, if they were so caused his injuries and death were also related to his employment.

U. S. Steel contends that Mr. Slaugenhaupt's injuries and death were caused by his seizure and not by the condition of its premises or its operations on the premises. It suggests that in cases where the worker contends that he is in the course of his employment because on the employer's premises, the worker must prove that his injuries were the result of faulty arrangement or maintenance of the employer's premises or of negligent conduct of the employer's business or affairs thereon. We firmly reject this suggestion. Section 301(c)(1) does not say that the cause of the injuries must be the faulty condition of or negligent operations on the employer's premises, it refers only to condition and operations. Concepts of fault and negligence are foreign to the purpose of workmen's compensation legislation to afford compensation to injured workers regardless of the employer's fault. We have nevertheless read most of the cases in the field and find no authority for an argument that the worker must show some faulty condition or negligent operations in order to be compensated for injuries suffered while on his employer's premises. The cases are collected by Justice BARBIERI in his work on Pennsylvania Workmen's Compensation and Occupational Disease at Sections 4.10 through 4.10(6). We have found no case in which compensation has been denied a worker injured on his employer's premises because the injuries were not shown to have been caused by faulty conditions or negligent operations. Except for some of the parking lot cases where the presence of ice or snow is noted without other comment, the premises cases rarely mention the condition of the employer's premises and when they do it is not in critical terms. *See*, as example: *Black v. Herman,* 297 Pa. 230, 146 A. 550 (1929); *Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973); *Eberle v. Union Dental Company,*

182 Pa. Superior Ct. 519, 128 A.2d 136 (1956);
*Dougherty v. Bernstein & Son,* 160 Pa. Superior Ct.
587, 52 A.2d 370 (1947); *DiCicco v. Downs Carpet
Company, Inc.,* 137 Pa. Superior Ct. 483, 9 A.2d 183
(1939); *Feeney v. N. Snellenburg & Company,* 103 Pa.
Superior Ct. 284, 157 A. 379 (1931).

### ORDER

AND Now, this 28th day of July, 1977, the appellant, United States Steel Corporation, self-insured, is hereby directed to pay compensation to the claimant, Mary Slaugenhaupt, in behalf of herself and her daughter, Janet Slaugenhaupt, born August 15, 1971, at the rate of $106.00 per week commencing November 11, 1974 and continuing until August 15, 1989, at which time said compensation at the rate of $106.00 per week shall continue to be paid to the claimant widow within the statutory provisions of The Pennsylvania Workmen's Compensation Act.

It is further directed that the following expenses be paid by the defendant:

Dr. S. L. Carpenter, Director of Department of Anesthesiology, Allegheny Valley Hospital, Natrona Heights, Pennsylvania. Emergency room treatment Thirty-five Dollars ($35.00).

Allegheny Valley Hospital, 1300 Carlisle Street, Natrona Heights, Pennsylvania. Emergency room treatment One Hundred Eight Dollars and Fifty Cents ($108.50).

It is further directed that the claimant widow be reimbursed the sum of $750.00 for reasonable burial expenses.

Interest at the rate of 10% per annum shall be paid on amounts due and owing to the claimant.

Attorney David Wasson is to be paid the sum of $2,200.00 for his services on behalf of the claimant.

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent from this opinion.

I agree with the majority that, where an employe is not actually engaged in his employer's business or affairs but is on the employer's premises at the time of the injury and required to be there, Section 301(c) (1) of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §411(1), does not require proof of faulty conditions or negligent operations on the part of the employer. To require such proof would, as the majority points out, insert fault and negligence concepts into a system designed to eliminate the consideration of these elements. I must disagree, however, with the conclusion here that this employe's injuries and death were "caused by the condition of the premises or by the operation of the employer's business or affairs thereon," as required by Section 301 (c)(1) of the Act. Although negligence and fault may have been eliminated, the issue of causation remains an important element in workmen's compensation law.

The majority has analyzed Section 301(c)(1) and has concluded that it provides for two distinct situations in which an injury may "arise in the course of employment": (1) where the employe is engaged in the furtherance of the business or affairs of his employer, either on or off the premises, and (2) where the employe is on the premises but not actually engaged in the furtherance of business. In either of these two cases, I believe, there is a causative element which must be proved in order for an injury to be compensable under the Act. If an employe is engaged in the furtherance of his employer's business, he must show, in addition, that his injury was "related" to his employment, or, in other words, that there is a *causal connection* between the employe's work and his injury or subsequent death. *Workmen's Compensation Ap-*

*peal Board v. Jeddo Highland Coal Co.,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975). If an employe is not so engaged but is injured while on his employer's premises, it is difficult to understand what the phrase, "and related thereto," means in referring to "arising in the course of his employment." Even so, we need not reach that question in this case because the language of the statute has provided that the employe's injury must be *caused* by the condition of the premises or by operation of the employer's business. The required causal connection in this case, therefore, would be between the injury and the condition of the premises.

It is not sufficient, in my opinion, for the employe to show merely that an injury was sustained while he was on the employer's premises and required to be there. In order to receive compensation, he must also prove a causal connection between the injury and the condition of the premises. And an analysis of causation necessarily requires an inquiry into the substantial factor which produced the injury. If a condition of the premises, *i.e.,* the concrete abutment, was the substantial factor in producing the injuries, and we did not know what precipitated the employe's accident, then his resulting death would be compensable under the Act. According to the stipulated facts in the case before us, however, it was the employe's epileptic seizure which triggered the accident. The *substantial factor* in producing his death was this epileptic seizure, and it was the seizure which set in motion the unfortunate chain of events which resulted in death. I believe that the employe's widow here is unable to show the necessary causative element required by Section 301(c)(1) and that his death is, therefore, not one which is compensable under the Act.

It is both reasonable and desirable, it seems to me, to impose liability on an employer only in those cases

where there is some substantial causal relationship between an injured worker's employment and the injury. It is a matter of grave concern to me that the majority in this case may unfortunately make it even more difficult in the future than it is at present for physically handicapped persons to obtain gainful employment. Admittedly, the employer who hires a worker with a physical handicap assumes a risk not present in the case of a worker not so handicapped, yet society has an interest in encouraging employment of all individuals to the limit of their physical and mental potential. If all of the risks of such employment are to be imposed upon the employer, who may consequently refuse to hire the physically handicapped, society may well find that the providing of employment or maintenance in lieu thereof for handicapped persons will become a public responsibility to the detriment of all concerned. The employer's burden is made especially heavy where, as the majority requires here, he is held liable even though there is no evidence offered or required that there is a causal relationship between his employment and the injury. I believe, of course, that this question is basically a matter for legislative determination and one in which courts should be most reluctant to become involved. Where the exigencies of the situation require judicial involvement, however, I believe that courts should be particularly careful to avoid extending liability beyond the specific statutory limits.

President Judge Bowman and Judge Mencer join in this dissent.