Carole F. Anzese, Widow of John Anzese, Deceased and Allen A. Pechter, Esquire, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Strick Corporation, Respondents.

Strick Corporation and Pennsylvania Manufacturers' Association Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Carole F. Anzese, Widow of John Anzese, Deceased, Respondents.

Argued February 1, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.

*Allen A. Pechter*, for Carole F. Anzese and Allen A. Pechter.

*David L. White*, for Strick Corporation and Pa. Manufacturers' Association Insurance Company.

OPINION BY JUDGE MENCER, May 5, 1978:

Strick Corporation and its insurance carrier appeal from a decision of the Workmen's Compensation Appeal Board (Board) that John Anzese was killed in the course of his employment and that his widow, Carole F. Anzese, was therefore entitled to workmen's compensation benefits, including legal fees incurred in pursuing her claim. We reverse.

The facts in this matter are not in dispute. At approximately 3:20 p.m. on July 5, 1974, Anzese, an employee of Strick Corporation (employer), finished his day's work and punched out on the time clock. Anzese then proceeded to walk, in the midst of a severe thunderstorm, to his motorcycle parked in a lot provided by the employer. He started his motorcycle, drove it to an intersection in the lot, and paused to allow traffic to clear. At this point, while he was still on his employer's premises, he was struck and killed by a bolt of lightning.

Mrs. Anzese then filed a fatal claim petition pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. A referee decided she was entitled to benefits, including legal fees incurred in pursuing her claim. On appeal, the Board agreed, and the employer's petition for review by this Court followed.[1]

---

[1] The Board, however, disagreed with the referee on the method of computing the amount of legal fees recoverable by Mrs. Anzese and remanded the case to the referee for a recomputation of this amount in accordance with the Board's opinion. Thus, this appeal,

A death or injury is compensable only if it arises "in the course of employment" within the meaning of Section 301(c)(1) of the Act, 77 P.S. §411(1), which provides, *inter alia,* as follows:

> The term 'injury arising in the course of his employment,' as used in this article . . . shall include all . . . injuries sustained while the employe is *actually engaged in the furtherance of the business or affairs of the employer,* whether upon the employer's premises or elsewhere, *and* shall include all injuries *caused by the condition of the premises or by the operation of the employer's business or affairs thereon,* sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment. (Emphasis added.).

Discussing this section in *North American Rockwell Corp. v. Workmen's Compensation Appeal Board,* 21 Pa. Commonwealth Ct. 437, 440-41, 346 A.2d 379, 381-82 (1975), we stated:

> The statute, as in effect now and prior to 1972, clearly provides for two distinct categories of injuries which may 'arise in the course of employment:' 1) those sustained while the

---

in a sense, is interlocutory. However, since the record was sufficient to allow the Board to decide the issues before it and since the remand is only for a recomputation, we will decide this case on its merits rather than quash, sua sponte, the employer's petition for review. *See Flynn v. Asten Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978) ; *Merryman v. United States Steel Corp.,* 26 Pa. Commonwealth Ct. 569, 365 A.2d 166 (1976) ; *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973).

employee is actually engaged in the furtherance of the business or affairs of the employer, whether sustained on or off the employer's premises; and 2) those sustained by the employee on his employer's premises, *provided that the injuries are caused by the condition of the premises or by the operation of the employer's business or affairs thereon* and provided that the employee's presence is required thereon by the nature of his employment. (Emphasis added.)

*See also Workmen's Compensation Appeal Board v. United States Steel Corp.,* 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977); *Workmen's Compensation Appeal Board v. L. L. Stearns & Sons,* 20 Pa. Commonwealth Ct. 244, 341 A.2d 543 (1975).

There can be no recovery in this case on the theory that Anzese was ''actually engaged in the furtherance of the business or affairs of the employer,'' since, at the time of his death, Anzese had finished work and was on his way home. *See Eberle v. Union Dental Co.,* 390 Pa. 112, 115, 134 A.2d 559, 560 (1957); *Pineda v. Oliver B. Cannon & Son, Inc.,* 172 Pa. Superior Ct. 625, 627, 93 A.2d 902, 903 (1953); *cf. Workmen's Compensation Appeal Board v. Hickory Farms of Ohio,* 28 Pa. Commonwealth Ct. 30, 367 A.2d 730 (1976) (employee off premises and on his way home not actually engaged in furthering employer's affairs).

There is no question that Anzese was on his employer's premises at the time of his death. Nevertheless, his death from lightning was in no way related to the condition of the premises or the operation of the employer's business.[2] Thus, Anzese's death did not

---

[2] This case is therefore distinguishable from *Workmen's Compensation Appeal Board v. United States Steel Corp., supra,* where the claimant's death was in part caused by the condition of the em-

arise in the course of his employment and benefits must be denied.[3]

ORDER

AND Now, this 5th day of May, 1978, at No. 378 C.D. 1977, the petition for review of Carole F. Anzese, widow of John Anzese, deceased, and Allen A. Pechter, Esquire, is hereby quashed.

At No. 455 C.D. 1977, the order of the Workmen's Compensation Appeal Board, dated January 27, 1977, is hereby vacated; the order of Referee Jerold G. Klevit, dated March 19, 1976, is reversed; and benefits are denied.

---

ployer's premises, *i.e.*, by his collision with a concrete abutment on the premises.

[3] Mrs. Anzese has filed a separate petition for review challenging the Board's method of computing the legal fees which it felt she was entitled to recover. Since our disposition of the employer's petition for review precludes this issue, we will quash her petition for review.

---

DISSENTING AND CONCURRING OPINION BY JUDGE DISALLE:

I must respectfully dissent from the holding that the employe's death was not compensable. In *Workmen's Compensation Appeal Board v. United States Steel Corp.*, 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977) the employe suffered an epileptic seizure while operating his automobile in his employer's parking lot on his way to work. He lost control of the vehicle which eventually struck a concrete abutment, the collision resulting in his death. It was agreed by the parties that the seizure was the cause of the accident. The referee and the Workmen's Compensation Appeal Board awarded compensation, and this Court affirmed

in a four to three decision. A Petition for Allowance of Appeal was refused by the Supreme Court.

The majority in the instant case distinguishes *United States Steel Corp.* on the basis that there the employe's death was caused "in part" by the condition of the premises. However, it is clear, as Judge BLATT points out in her dissenting opinion, that the employer's premises had nothing to do with the accident.

Admittedly, this, like *United States Steel Corp.*, is a close case, but in my view, the two are indistinguishable. Certainly, if, in the instant case, the employe, instead of being killed instantly, had been dazed by the lightning bolt and as a direct result thereof had lost control of his motorcycle and collided with a concrete abutment, *United States Steel* would control. If so, we should not deny the widow's claim here.

While I would therefore affirm the Board in its award of compensation, I agree that the claim for attorney's fees was properly disallowed.