530 A.2d 545

Curtis Newhouse, Petitioner *v.* Workmen's Compensation Appeal Board (Harris Cleaning Service, Inc.), Respondents.

Argued March 26, 1987, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*David J. Watson,* with him, *Edward J. Balzarini, Jr., Balzarini, Carey & Watson,* for petitioner.

*William D. Clifford,* with him, *Eugene F. Scanlon, Dickie, McCamey & Chilcote, P.C.,* for respondent.

OPINION BY JUDGE PALLADINO, September 2, 1987:

Curtis Newhouse (Petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of workmen's compensation benefits for an injury Petitioner alleges to have been work-related within the meaning of Section 301 of The Pennsylvania Workmen's Compensation Act.[1]

Petitioner's injury occurred at the Westinghouse Research and Development Center (Westinghouse) in Monroeville, Pennsylvania. Petitioner's Employer, Harris Janitorial Services, Inc. (Employer) provided janitorial services at the Westinghouse plant and was provided with office space at that facility. Westinghouse provided a parking lot adjacent to the plant for the use of Harris employees. However, in order to reach the parking lot from a public roadway, one had to travel over Westinghouse's private access road.

On the evening of November 26, 1979, Petitioner worked until 10:00 PM, and proceeded to the parking lot with a co-employee, Derek Walko (Walko). Upon reaching the parking lot Petitioner and Walko requested another co-employee to give them a ride from the parking lot, over the access road, to an exit gate from

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

which Petitioner and Walko intended to walk to a public road and then walk to their respective homes. Petitioner and Walko sat on opposite sides of the front hood of the car, and the driver of the car proceeded along the access road toward the exit gate. However, the exit gate was closed and the driver had to make a right turn to follow a bend in the road. Petitioner, who was on the driver's side of the car, fell from the hood of the car, hit the road and was rendered unconscious. As a result of this accident, which occurred approximately 15 minutes after "punching out" from work, Petitioner sustained a severe brain injury to the brain stem and cerebral cortex in addition to a skull fracture which rendered him totally disabled.

On June 10, 1982, Petitioner filed a claim petition seeking compensation for the injuries sustained on November 26, 1979. Several hearings were held and a referee concluded that Petitioner met his burden of proving, while in the course of his employment, an injury on the premises of Employer. Employer appealed to the Board which reversed the referee's conclusion that Petitioner sustained a. compensable injury while in the course of his employment. Petitioner's claim petition was dismissed.

On appeal to this court, Petitioner asserts that the Board committed an error of law in reversing the referee. Specifically, Petitioner asserts that the injury which he sustained, approximately fifteen minutes after work and which was related to a condition of the Employer's premises, was within the course of his employment.

Section 301 of the Act provides that compensable injuries include those "sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries

caused by the condition of the premises . . . sustained by the employee who, though not so engaged, is injured upon the premises occupied or under the control of the employer."

Whether Petitioner was in the course of his employment at the time of his injury is a question of law, subject to our review, which is to be determined on the basis of the findings of fact. *Peer v. Workmen's Compensation Appeal Board (B. & W. Construction)*, 94 Pa. Commonwealth Ct. 540, 503 A.2d 1096 (1986). We must first consider whether Petitioner was "on the employer's premises" within the intendment of the Act. In construing the phrase "on the employer's premises," the Pennsylvania Supreme Court has considered whether the location of the accident was so connected with the employer's business or operating premises as to form an integral part thereof. *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978). An employer's premises includes reasonable means of access to the situs of an employer's business. *Schofield v. Workmen's Compensation Appeal Board (Ohio Rubber Co.)*, 39 Pa. Commonwealth Ct. 282, 395 A.2d 328 (1978). Further, it is not significant that a portion of the area designated for egress or ingress is not located upon land owned by the employer because the Act is based upon the employment relationship and not upon the wrongdoing or negligence of the employee. *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 465, 423 A.2d 792 (1980).

In the case at bar, the referee found that employer had approximately 30 employees at Westinghouse. Employer had office space at Westinghouse and Petitioner routinely worked at the Westinghouse plant. Further, the referee found that the access road was the only means of egress by which employees could reach a public roadway. We conclude, based upon these facts, that

Petitioner's injury was incurred on the premises of the Employer.

Having concluded that Petitioner's injury occurred on the employer's "premises," we must also decide whether Petitioner was "in the course of employment" when the injury occurred. Even though not actually engaged in the employer's work, an employee will be considered to have suffered an injury "in the course of employment" if the injury occurred on the employer's "premises" at a reasonable time before or after the work period. *Fetzer. v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973). In *Fashion Hosiery,* we held that an injury, which occurred between 15 and 30 minutes prior to the time a claimant was to begin work, bore a reasonable relationship to the time claimant was to begin work and, therefore, was compensable. We conclude, therefore, that, in the case at bar, fifteen minutes after "punching out" is a reasonable time after the work period.

Next, we must consider whether Petitioner's injuries were caused by a condition of the "premises". In *Workmen's Compensation Appeal Board v. U. S. Steel Corp.,* 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977), this court firmly rejected the assertion that an employee must show some faulty condition or negligent operation, in order to receive compensation for injuries sustained while on the employer's premises. "Except for some of the parking lot cases where the presence of ice or snow is noted without other comment, the premises cases rarely mention the condition of the employer's premises and when they do it is not in critical terms." *Id.* at 336, 376 A.2d at 275.

The referee found that because the gate was closed, the driver had to follow a bend in the road which caused Petitioner to fall off the hood of the car. Further, the referee found credible the testimony of a medical

witness, Bruce Lord Wilder, M.D., who opined that Petitioner's injuries were a result of his falling from the moving car. We conclude, therefore, that the combination of the closed gate and the bend in the road constituted a condition of the premises which caused Petitioner's injuries.

Employer asserts, however, that "[i]t is inconceivable that the legislature intended the Act to cover injuries solely caused by such egregious and foolhardy actions such as Petitioner sitting on the hood of the car." But, concepts of fault and negligence have no bearing on the application of the Act. *United States Steel Corp.*

In light of the foregoing analysis, the order of the Board is reversed and the order of the referee, awarding benefits to Petitioner, is reinstated.

ORDER

AND NOW, September 2, 1987, the order of the Workmen's Compensation Appeal Board is reversed.