Kathy MARKLE, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (Bucknell University); Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2001.

Decided Oct. 19, 2001.

**152**

Gary L. Black, Canton, for petitioner.

Thomas F. Meister, York, for respondent.

Before DOYLE, President Judge, COLINS, McGINLEY, SMITH, PELLEGRINI, KELLEY, and LEADBETTER, Judges.

DOYLE, President Judge.

Kathy Markle (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which af-firmed the decision of a Workers' Compensation Judge (WCJ) denying Claimant's claim petition for benefits under the Workers' Compensation Act (Act).[1] We affirm.

On January 31, 1994, Claimant, a reserve technical assistant at the library of Bucknell University (Bucknell), left work for the day and walked to her vehicle, a 1987 Camaro that was parked in the rear library lot. It had recently snowed and there were piles of snow in the parking lot. Although the parking lot had been plowed, the surface was still snow-covered, even though the lines demarcating the parking spaces were partially visible. A truck parked next to Claimant's car was so close that it prevented her from entering her car on the driver's side. Claimant then entered her car from the passenger side and injured her back when she crossed over the center console in the front seat to get to the driver's seat.

Claimant filed a claim petition, which the WCJ denied, concluding that Claimant failed to prove that she suffered a work-related injury that occurred in the course of her employment and, specifically, that Claimant's act of moving from the passenger seat to the driver's seat of her own car did not cause an injury that arose out of the course of her employment. He also concluded that Claimant was not engaged in the furtherance of the business or affairs of Bucknell University at the time of her injury. In addition, he made the following relevant conclusion of law:

> The WCJ concludes that the pickup truck which had no proven relationship to Bucknell University was parked too closely to Claimant's Camaro thus causing her to enter through the passenger side of the vehicle. The WCJ concludes that it was not the condition of the employer's premises or the operation of the

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1041.4; 2501–2626.

employer's business that caused Claimant's condition. The WCJ concludes that the injury or incident was Claimant's act of climbing over the console of her car and the WCJ concludes that this is not a condition of employer's premises.

(WCJ's decision, dated August 12, 1998, Conclusion of Law No. 5, at 5).

Claimant appealed to the Board, which affirmed the order of the WCJ. The Board determined that the truck parked next to Claimant's car did not bear a parking sticker issued by Bucknell and was not under the control of Bucknell. It also determined that Claimant's "act of climbing over the console" of her car "was not a condition of [Bucknell's] premises." (Board Op., dated December 10, 1999, at 5). Claimant brings the instant appeal.[2]

The essential issue presented is whether Claimant was acting within the course of her employment at the time of her injury, and whether an employee is within the course of his or her employment is a question of law to be determined on the basis of the findings of fact. *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service, Inc.)*, 109 Pa. Cmwlth.96, 530 A.2d 545 (1987), *petition for allowance of appeal denied*, 517 Pa. 627, 538 A.2d 879 (1988).

The term "injury" is defined in Section 301(c)(1) of the Act, which provides in pertinent part as follows:

The term "injury arising in the course of his employment," as used in this article, ... shall include all ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon

the employer's premises or elsewhere, **and shall include all injuries caused by the condition of the premises** ... sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, ... the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411(1). (Emphasis added.)

Case law has now well established that an employee not engaged in the furtherance of the business or affairs of the employer must satisfy three conditions under the Act in order for her injury to be "in the course of employment." *Dana Corp. v. Workmen's Compensation Appeal Board (Gearhart)*, 120 Pa.Cmwlth.277, 548 A.2d 669 (1988), *petition for allowance of appeal denied*, 522 Pa. 606, 562 A.2d 828 (1989). The Act dictates that: (1) the injury must have occurred on the employer's premises; (2) the employee's presence thereon was required by the nature of his employment; and (3) the injury was caused *by the condition of the premises* or by the operation of the employer's business thereon. *Id.*

There is no dispute that the first two requirements of the Act were met. Claimant, however, disagrees with the Board that she failed to satisfy her burden of proving the third requirement of the Act, *i.e.*, that the injury was caused by a condition of Bucknell's premises. Specifically, she argues that Employer *created* two conditions of the premises that contributed to her injury. First, Claimant argues that the accumulation of snow in the parking lot, creating cramped parking conditions, was a "condition of the premises" which

2. Our standard of review is limited to a determination of whether there has been a violation of constitutional rights, whether an error of law has been committed, or whether all necessary findings of fact are supported by substantial evidence. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

caused her injury. In addition, Claimant argues that Employer's security officers patrolling the premises should have noticed that the truck parked next to her car had no parking sticker authorizing it to be parked in the library lot and should have prevented the truck from parking there, or should have removed it from the lot. By failing to do so, Claimant contends, Bucknell allowed the truck to become a condition of the premises.

We have previously upheld awards of compensation in cases where a claimant's exertion, caused by the accumulation of snow on an employer's premises, resulted in an injury. In *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (D'Agostino)*, 66 Pa. Cmwlth.393, 444 A.2d 837 (1982), we upheld an award of death benefits to the widow of an employee who suffered a heart attack while shoveling snow away from his car in the employer's parking lot. We held in that case that the snow was a condition of the premises, which necessitated the employee's exertion to clear it and led to the employee's heart attack. This Court also upheld an award of compensation in *Carl v. Workmen's Compensation Appeal Board (G.H. Delp Co.)*, 79 Pa.Cmwlth.332, 469 A.2d 347 (1984), where an employee, who was helping to push another employee's car out of the snow, suffered an aneurysm as a result of the exertion. In that case, we held that the condition of the premises, the heavy layer of snow, caused the need for claimant's exertion, which in turn caused the injury.

However, in the case now before us, we conclude that the facts are more analogous to those in *Dana Corp.*, where we denied benefits. The claimant in *Dana Corp.*, after his third shift, went to the employer's parking lot to assist a co-worker who was having car trouble. The claimant became injured when he was struck by the co-worker's car when it unexpectedly moved backwards. We held that the claimant was not in the course of his employment at the time of his injury, since his presence in the parking lot was not required by the nature of his employment, since he voluntarily stopped to aid the co-worker, and since the movement of the car was not caused by the condition of the premises or by the operation of the employer's business.

Claimant argues that the facts of this case are distinguishable from those in *Dana Corp.* in that the injury there occurred as the result of a voluntary act of the injured employee when he assisted the co-worker, and, here, the accumulation of snow created a condition of the premises over which Claimant had no control. We must reject this argument.

Simply put, first, there is nothing in the record that supports Claimant's argument that an accumulation of snow *caused* the truck to park too close to her car. Second, Claimant was inside her own automobile, where there was no snow, when she was injured. In this regard, Claimant testified as follows:

Q. What were the conditions of snow around the Bucknell library on January 31, 1994?

A. There was snow everywhere. The piles of snow were as tall as I was.

Q. What about near the parking area, the employee parking area, where you parked that morning; can you describe that for the record?

A. The snow removal left a lot to be desired. The conditions were not very clear. There was snow on the ground. They had basically scraped the surface, but it was still snow covered. Part of the area was exposed.

Q. In that particular parking area, approximately how many spaces were there?

A. It was a strip, probably 12 or so spaces.

Q. How were these spaces demarcated?

A. Lines, white lines.

Q. Where were the lines located?

A. On the asphalt surface.

Q. Were you able to discern any of those lines when you parked that morning?

A. Yes, I was. They were partially visible.

. . . .

Q. How was the weather that evening? Was it snowing out, raining out?

A. I don't think there was—it was not snowing at the time. It was just dark and cold.

. . . .

Q. Now, with regard to this truck, this pickup truck, could you please tell the Judge where it was parked?

A. It was parked to the left of my car. . . . I walked up to the car and realized that he was parked so close to me that I tried to get in sideways, between my car and the truck. I just had enough room that my rear end was touching the truck.

(Notes of Testimony, April 27, 1995, at 15–18). This is the total extent of the evidence in this regard and there is no other evidence which would establish that it was the snow on the ground which caused the truck to park where it did.

■ We repeat, in the present case, the record is devoid of any explanation for the truck's close proximity to Claimant's car. Although Claimant suggests that Bucknell failed to remove snow from the parking lot area, thereby creating a condition of the premises that caused the truck to park too close to her car, nothing in the record confirms that a condition of the premises created by snow accumulation or inade-

quate snow removal led her to enter her car from the passenger side, thus causing her injury. To the contrary, the record reveals that the painted lines between the parking spaces in the library lot **were** visible, and, without more, we assume the truck could have parked between them. Because the record offers no link between the apparent snow accumulation and Claimant's injury, we find *Dana Corp.* applicable here and decline to hold that Claimant's injuries resulted from a condition of Bucknell's premises caused by an accumulation of snow.

■ Claimant next argues that the unauthorized parking of the truck created a condition of the premises that caused her injuries. Here again, however, the record contains no evidence establishing that only vehicles with parking stickers were permitted to park in the library lot or that the offending truck was unauthorized to park there. Therefore, Claimant's argument in this regard also fails.

In cases previously decided involving injuries suffered in employers' parking lots, we have upheld the award of benefits to claimants who were injured due to the actual physical conditions of the employers' premises. For example, in *Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corp.*, 31 Pa.Cmwlth.329, 376 A.2d 271 (1977), a widow recovered death benefits when her husband suffered an epileptic seizure while driving through his employer's parking lot on the way to work and was killed when his car struck a concrete abutment. We held that the concrete abutment was a condition of the premises which caused the employee's death. In *Newhouse*, an employee, who was riding on the hood of a co-worker's car as it traveled along an access road coming from the employer's premises, was injured when the driver of the car

was forced to make an unexpected turn when he came to a closed exit gate. We held in that case that the closed gate was a condition of the premises which caused the employee's injury.

We have, however, declined to grant benefits to employees not injured by a physical condition of the employer's premises. For instance, we denied benefits to an employee in *Anzese v. Workmen's Compensation Appeal Board (Strick Corp.)*, 35 Pa.Cmwlth.256, 385 A.2d 625 (1978), where the employee was struck by lightning while leaving the employer's premises on his motorcycle. In that case, we held that the lightning was not a condition of the premises which caused the claimant's injury.

In the present case, it was not the accumulated snow in the parking lot or the parked truck that caused Claimant's injury; rather, it was her own act of climbing over her car's console that injured her. We hold, therefore, that Claimant's injury did not arise as a result of a condition of Bucknell's premises, but as a result of a condition in the Claimant's car. The order of the Board is affirmed.

#### ORDER

**NOW,** October 19, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

BERNARD L. McGINLEY, Judge.

I respectfully dissent to the majority's conclusion that "it was not the accumulated snow in the parking lot or the parked truck that caused Claimant's injury; rather, it was her own act of climbing over her console that injured her."

As the majority correctly noted, our inquiry is whether Claimant's injury was caused by a condition of Bucknell's premises. *Dana Corp. v. Workmen's Compensation Appeal Board (Gearhart)*, 120 Pa. Cmwlth.277, 548 A.2d 669 (1988), petition for allowance of appeal denied, 522 Pa. 606, 562 A.2d 828 (1989).

Section 301(c)(1) of the Workers' Compensation Act (Act), 77 P.S. § 411(1) provides that " '[t]he term injury arising in the course of his employment,' .... shall include all injuries caused by the condition of the premises ....'" "Section 301(c)(1) of the Act does not say that the cause of the injuries must be the faulty condition of or negligent operations on the employer's premises, it refers only to condition and operations." *Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corp.*, 31 Pa.Cmwlth.329, 376 A.2d 271, 275 (1977). (emphasis added).

In *Motion Control Industries v. Workmen's Compensation Appeal Board (Buck)*, 145 Pa.Cmwlth.399, 603 A.2d 675, petition for allowance of appeal denied, 531 Pa. 658, 613 A.2d 562 (1992), this Court stated:

> This holding *[Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service)*, 109 Pa.Cmwlth.96, 530 A.2d 545 (1987), petition for allowance of appeal denied, 517 Pa. 627, 538 A.2d 879 (1988) ] inherently implies that once an employee is on the Employer's premises, actually getting to or leaving the employee's work station is a necessary part of that employee's employment, and thus, definitively furthering the employer's interests. There is no question that an Employer's 'premises' includes a reasonable means of access to the situs of the Employer's business, including employee parking lots. (emphasis added).

*Id.* at 678, citing *Schofield v. Workmen's Compensation Appeal Board (Ohio Rubber Company)*, 39 Pa.Cmwlth.282, 395 A.2d 328 (1978).

Here, the WCJ found Claimant's testimony credible that Employer's premises was snowy and that the pickup truck was parked so close to Claimant's vehicle that entry from the driver's side was impossible. See WCJ's Decision, August 12, 1998, Finding of Fact No. 3 at 3–4.

Alternatively, regardless whether the snow caused the pickup truck to be parked too closely, Claimant's testimony is clear that she was unable to access her vehicle to drive home because of the location of the pickup truck. In my view, the closely parked pickup truck was a condition of the premises which necessitated Claimant's actions.

It is this Court's "obligation to interpret the Act liberally to effectuate its humanitarian purpose ... and to resolve borderline interpretations in favor of the injured employee ...." *Hoffman v. Workers' Compensation Appeal Board (Westmoreland Hospital)*, 559 Pa. 655, 660, 741 A.2d 1286, 1288 (1999).

I believe the controversy should be remanded for the WCJ to formulate more specific findings with regard to the medical and other testimony and to determine whether Claimant shouldered her burden to secure benefits.

Judge COLINS joins in this dissent.