IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quality Bicycle Products, Inc.,   :
  : No. 1570 C.D. 2015
                Petitioner   : Submitted: February 19, 2016
  :
           v.   :
  :
Workers' Compensation Appeal   :
Board (Shaw),   :
  :
           Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY SENIOR JUDGE FRIEDMAN          FILED: April 25, 2016


Quality Bicycle Products, Inc. (Employer) petitions for review of that portion of the July 28, 2015, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to grant James Shaw's (Claimant) claim petition. The WCJ concluded that Claimant suffered an injury in the course and scope of his employment as defined in section 301(c)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).[1] We reverse.

---

[1] The WCAB also: (1) reversed the WCJ's decision finding a violation of the Act and vacated its award of penalties, and (2) reversed the WCJ's decision finding an unreasonable contest and vacated its award of counsel fees. Employer does not challenge those portions of the WCJ's order on appeal.

On December 3, 2013, Claimant filed a claim and penalty petition, alleging that he suffered a fractured right patella on November 13, 2013, while in the course and scope of his employment. (WCJ's Findings of Fact, Nos. 1-2, 3e.) On December 17, 2013, Employer filed an answer denying that the injury was work-related. (*Id.*, No. 1.)

On January 29, 2014, the WCJ held a bifurcated hearing, at which the only issue was whether Claimant was within the course and scope of his employment at the time of the injury. (*Id.*, No. 2.)

Claimant testified that on November 13, 2013, he was working in Employer's warehouse when he was paged over the intercom system and advised that he had a telephone call. (*Id.*, No. 3b.) Claimant's fiancée was hysterical on the telephone and told Claimant that he needed to come home because their nine-year-old daughter was missing from school. (*Id.*) Claimant told his manager that he had to leave due to a family emergency. (*Id.*, No. 3c.) Claimant ran to his locker and got his coat and keys. (*Id.*) Claimant attempted to clock out, but the manager told Claimant that he would clock him out. (*Id.*) Claimant left the building. (*Id.*)

As Claimant was hurrying to his vehicle and was about 10-12 feet into the parking lot, he felt a pop in his knee and excruciating pain. (*Id.*) Claimant fell to the ground, unable to bear any weight on his leg. (*Id.*, No. 3c-d.) Claimant's manager and a coworker followed Claimant into the parking lot, helped him, and

2

called an ambulance.[2]  (*Id.*, No. 3e; WCJ's Op., 6/6/14, at 8.)  Claimant underwent surgery on November 20, 2013.  (WCJ's Findings of Fact, No. 8.)

Claimant further testified that he was injured in the parking lot where he has always parked for work, where all of Claimant's coworkers park for work, and where Employer told Claimant to park for work.  (*Id.*, No. 10a-c.)  Claimant stated that Employer is the only tenant in the building where he works, but agreed that there are other buildings adjacent to Employer's building.  (*Id.*, No. 12.)  Claimant testified that people park in front of the buildings that they work in.  (*Id.*, No. 13.)  Claimant agreed that there was no specific condition or abnormality in the parking lot that caused his fall.  (*Id.*, No. 14.)

The WCJ found Claimant's testimony credible and persuasive.  (*Id.*, No. 16.)  The WCJ concluded that Claimant was on Employer's premises in the course and scope of his employment at the time he was injured.  (WCJ's Conclusions of Law, No. 2.)  The WCJ granted Claimant's claim petition.  Employer appealed to the WCAB.

The WCAB affirmed that portion of the WCJ's decision that granted Claimant's claim petition.  (WCAB's Op., 7/28/15, at 1.)  Employer now petitions this court for review.[3]

---

[2] While on the ground, Claimant was informed that his daughter was found.

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary factual findings are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

Employer contends that the WCAB and WCJ erred in concluding that Claimant's knee injury occurred in the course and scope of his employment. Specifically, Employer asserts that Claimant was not furthering the interest of Employer's business at the time of his injury and no evidence was presented to establish that the injury was caused by a condition of Employer's premises or the operation of Employer's business thereon.

In a claim petition, the claimant bears the burden of proving all of the elements necessary to support an award. *Berks County Intermediate Unit v. Workmen's Compensation Appeal Board (Rucker)*, 631 A.2d 801, 803 (Pa. Cmwlth. 1993). The claimant must prove that his or her injury arose in the course and scope of employment and was related thereto. *Krawchuk v. Philadelphia Electric Company*, 439 A.2d 627, 630 (Pa. 1981). Whether the claimant's injury arose in the course and scope of employment is a question of law that is determined based on the WCJ's findings of fact. *Markle v. Workers' Compensation Appeal Board (Bucknell University)*, 785 A.2d 151, 153 (Pa. Cmwlth. 2001) (*en banc*).

Section 301(c)(1) of the Act provides:

> The terms "injury" and "personal injury" . . . shall be construed to mean an injury to an employe, regardless of his previous physical condition . . . arising in the course of his employment and related thereto . . . . The term "injury arising in the course of his employment" . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the

4

premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employer's presence thereon being required by the nature of his employment.

77 P.S. §411(1).

Generally, an injury suffered while traveling to or from work is not considered to have occurred in the course and scope of employment. *PPL v. Workers' Compensation Appeal Board (Kloss)*, 92 A.3d 1276, 1283 (Pa. Cmwlth. 2014). However, if the injury is suffered "'on the employer's 'premises' at a reasonable time before or after the work period,'" the claimant is entitled to benefits. *Id.* (citation omitted). An employee who is not furthering the business or affairs of his employer must prove he or she is within the course of his or her employment by satisfying the following three conditions: "(1) the injury must have occurred on the employer's premises; (2) the employee's presence thereon was required by the nature of his employment; and (3) the injury was caused *by the condition of the premises* or by the operation of the employer's business thereon." *Markle*, 785 A.2d at 153.

Here, Employer agrees that Claimant satisfied the first two prongs of the test but disagrees that Claimant satisfied the third prong of the test.[4] Employer asserts that Claimant failed to show that his injury was caused by a condition of the premises or by the operation of Employer's business thereon. We agree.

---

[4] Employer agrees that the record supports the WCJ's finding that the parking lot in which Claimant was injured was an integral part of Employer's business, thus meeting the first prong of the test. Employer further agrees that Claimant was leaving work when he was injured and, therefore, met the second prong of the test. (Employer's Br. at 16.)

In *Markle*, the claimant was injured while climbing over the center console in the front seat of her car to get to the driver's seat. 785 A.2d at 152. The employer's parking lot was snow-covered, and the truck parked next to the claimant was too close, preventing her from entering her car on the driver's side. *Id.* This court found that neither the accumulated snow nor the parked truck caused the claimant's injuries. *Id.* at 156. Rather, the claimant's injuries were caused by her own act of climbing over her car's console, which was not a condition of the employer's premises. *Id.*

In *Dana Corporation v. Workmen's Compensation Appeal Board (Gearhart)*, 548 A.2d 669, 670 (Pa. Cmwlth. 1988), the claimant was injured in the employer's parking lot when his coworker's car moved backwards as the claimant was preparing to help push the car forward. The claimant had stopped to help the coworker who was having car trouble. *Id.* This court determined that the car's movement itself was not caused by a condition of the premises. *Id.* Therefore, the claimant did not satisfy the third prong of the test.

In *Anzese v. Workmen's Compensation Appeal Board*, 385 A.2d 625, 626 (Pa. Cmwlth. 1978) (*en banc*), the claimant was killed when he was struck by lightning in the employer's parking lot after work. This court determined that "death from lightning was in no way related to the condition of the premises or the operation of the employer's business." *Id.* at 627.

We agree with Employer that, as in the above cases, Claimant here did not prove that a condition of the premises or the operation of Employer's business

6

thereon contributed to his injuries. Claimant's injury was caused by his own act of running, which was not a condition of Employer's premises. Claimant nonetheless argues that there is no need for him to show a "faulty condition or negligent operation" of the employer's business; the business must only "play some role in the causative chain." *Williams v. Workers' Compensation Appeal Board (City of Philadelphia)*, 850 A.2d 37, 40 (Pa. Cmwlth. 2004).

In *Workmen's Compensation Appeal Board v. United States Steel Corporation*, 376 A.2d 271, 274-75 (Pa. Cmwlth. 1977), we held that the employee's injury was caused by the condition of the premises or by the operation of the employer's business thereon when the employee, while driving to work and in the employer's parking lot, suffered a seizure and wrecked into a concrete abutment. The concrete abutment was found to be a condition of the premises that contributed to the employee's death. *Id.*

In *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service, Inc.)*, 530 A.2d 545, 546-47 (Pa. Cmwlth. 1987), we held that the claimant's injury was caused by the condition of the premises or by the operation of the employer's business thereon when the claimant, while riding on the hood of a coworker's car on an access road from the employer's premises, was thrown from the car and injured when the driver made an unexpected turn due to a closed exit gate. The combination of the closed gate and a bend in the road was a condition of the premises that caused the claimant's injuries. *Id.* at 547.

7

Here, unlike in *United States Steel* and *Newhouse*, there was no abutment or unexpected turn or gate that caused Claimant's injury. Claimant fractured his kneecap while running across Employer's parking lot to his car. Claimant heard a popping noise and felt excruciating pain. Claimant's foot then made contact with the parking lot and he collapsed, unable to bear any weight on his leg. The parking lot did not cause or contribute to the causative chain to Claimant's injury. Further, Claimant did not allege that the parking lot caused or contributed to his injury. In fact, Claimant admitted that there was no physical condition of the parking lot that caused his injury. Thus, Claimant failed to prove any connection between his injury and a condition of Employer's premises.

Accordingly, because the WCJ erred in determining that Claimant met his burden of proving that his injury was caused by the condition of the premises or by the operation of Employer's business thereon, we reverse.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quality Bicycle Products, Inc.,     :
                               : No. 1570 C.D. 2015
                Petitioner     :
                                :
            v.                  :
                                :
Workers' Compensation Appeal     :
Board (Shaw),                      :
                                :
              Respondent     :

# O R D E R

AND NOW, this 25th day of <u>April</u>, 2016, we hereby reverse that portion of the July 28, 2015, order of the Workers' Compensation Appeal Board that granted James Shaw's claim petition.

_____
ROCHELLE S. FRIEDMAN, Senior Judge