IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Lewis,                       :
          Petitioner         :
                             :
          v.                     :
                             :
Lehigh Asphalt Paving & Construction  :
Co. (Workers' Compensation Appeal   :
Board),                       :   No. 1445 C.D. 2021
          Respondent      :   Submitted: September 11, 2023

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON       FILED: October 19, 2023

        Robert Lewis (Claimant) petitions for review of the December 3, 2021 order of the Workers' Compensation Appeal Board (Board) affirming the April 14, 2021 decision and order of a Workers' Compensation Judge (WCJ) that denied and dismissed Claimant's Claim Petition for Compensation Benefits (Claim Petition) and Penalty Petition filed against Lehigh Asphalt Paving & Construction Co. (Employer) pursuant to the Workers' Compensation Act (Act).[1]  Upon review, we affirm.

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4 & 2501-2710.

## I. Facts and Procedural Posture

The facts underlying this matter are straightforward and not in dispute. On November 12, 2018, Claimant worked in the equipment yard of Employer's facility moving equipment in preparation for winter. *See* Board Opinion dated December 2, 2021 (Second Board Opinion) at 4, Reproduced Record (R.R.) at 427a. Throughout the course of the day, Claimant began to feel pain and weakness in his left calf and ankle, like it was slowly giving out. *See id.* At the end of his 6:30 a.m. to 4:30 p.m. shift, Claimant locked up the shop area, proceeded to the time clock, and punched out. *See id.* After punching out, at approximately 4:45 p.m., Claimant returned to the work truck he was driving and hurriedly attempted to get into the cab of the vehicle. *See id.* As he pushed off with his left foot to step up into the cab of the truck, Claimant felt a popping sensation in his lower leg, which was a tear of his Achilles tendon. *See id.* Claimant was able to get into the cab of the vehicle and drive home. *See id.* However, after driving home, the pain in Claimant's leg increased and his wife transported him to the emergency room for treatment. *See id.* As he returned home from the hospital, Claimant placed a call to his foreman to explain his injury. *See id.*

Claimant testified before the WCJ that his injury did not result from tripping over anything in Employer's parking lot and that he did not hit his leg against the vehicle in any way to cause the injury. *See* Second Board Opinion at 4, R.R. at 427a. He further testified that he neither performed, nor was asked to perform, work duties between the time when he punched out for the day and when he returned home. *See id.* Claimant also testified that he began experiencing pain in his mid-calf toward the center of his ankle. *See id.* at 4-5, R.R. at 427a-28a.

2

Claimant explained that the pain increased throughout the day, but that he did not tell anyone about it. *See id.* at 5, R.R. at 428a.

On November 28, 2018, Employer issued a Notice of Workers' Compensation Denial (Notice of Denial) for Claimant's November 12, 2018 injury, indicating that the injury did not occur within the scope of Claimant's employment. *See* Second Board Opinion at 1; *see also* Notice of Denial at 2, R.R. at 5a. Claimant filed the Claim Petition on December 21, 2018, which alleged that Claimant "was working when the condition began and he suffered a tear in the parking lot entering his work truck during an employer[-]required duty[,]" and sought total disability benefits and medical bill payment. Claim Petition at 1, R.R. at 6a. Claimant also filed a Penalty Petition on December 21, 2018, based on allegations that Employer failed to promptly investigate Claimant's injury, failed to provide proper notices, and knowingly denied workers' compensation benefits despite medical evidence of Claimant's injury. *See* Penalty Petition filed December 21, 2018, R.R. at 16a-17a.

After a hearing,[2] the WCJ issued a Decision and Order on October 11, 2019, that granted the Claim Petition. *See* WCJ Decision dated October 11, 2019 (First WCJ Decision) at 10-11, R.R. at 391a-92a. The WCJ denied the Penalty Petition, however, determining that Employer had a reasonable basis to contest the Claim Petition. *See* First WCJ Decision at 12, R.R. at 393a. Claimant and Employer both appealed to the Board. *See* Second Board Opinion at 1, R.R. at 424a.

On October 8, 2020, the Board determined that the WCJ had failed to make a finding regarding whether Claimant met his burden of establishing that he sustained his injury in the course and scope of his employment and remanded the

---

[2] The WCJ conducted the hearing over three dates: January 17, 2019, March 28, 2019, and June 27, 2019.

matter to allow the WCJ to make a finding on the issue. *See* Board Opinion dated October 8, 2020 (First Board Opinion) at 8-9, R.R. at 397a-407a; *see also* Second Board Opinion at 2, R.R. at 425a. The Board observed that, while Claimant appeared to have been on Employer's premises at a reasonable time after the end of his work shift, a finding of fact was required regarding whether the evidence established that Claimant's injury had been caused by a condition of Employer's premises or by the operation of the business or affairs thereon. *See* First Board Opinion at 8, R.R. at 406a; *see also* Second Board Opinion at 2, R.R. at 425a.

On remand, the WCJ determined that Claimant's injury had not been caused by a condition of Employer's premises and that Claimant had not been engaged in the business of Employer when injured. *See* WCJ Decision dated April 14, 2021 (Second WCJ Decision) at 10-12, R.R. at 418a-20a; *see also* Second Board Opinion at 2, R.R. at 425a. The WCJ thereafter determined that Claimant had not met his burden of proving that he sustained his injury in the course of his employment or as a result of a condition of Employer's premises and, consequently, denied and dismissed the Claim Petition. *See* Second WCJ Decision at 12-13, R.R. at 420a-21a; *see also* Second Board Opinion at 2, R.R. at 425a. Claimant appealed this determination to the Board.

On December 3, 2021, the Board issued its opinion affirming the Second WCJ Decision. *See generally* Second Board Opinion. Claimant timely petitioned this Court for review.[3]

---

[3] In workers' compensation appeals, this Court's "scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *Morocho v. Workers' Comp. Appeal Bd. (Home Equity Renovations, Inc.)*, 167 A.3d 855, 858 n.4 (Pa. Cmwlth. 2017) (citing *Johnson v. Workmen's Comp. Appeal Bd. (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993)).

## II. Issues

Claimant now forwards three claims of error. First, Claimant alleges that the Board erred in affirming the WCJ's determination that Claimant's injury did not occur in the course and scope of his employment where Claimant was injured as he stepped from a work area into a work vehicle. *See* Claimant's Br. at 2, 20-34. Next, Claimant alleges that the Board erred by not addressing whether Claimant was a traveling employee. *See* Claimant's Br. at 2, 35-38. Finally, Claimant alleges that the Board erred in affirming the WCJ's denial of the Penalty Petition based on a finding of a reasonable contest by Employer. *See* Claimant's Br. at 2, 38.

## III. Discussion

### A. Course and Scope of Employment

Initially, as this Court has previously noted, in workers' compensation cases,

> [t]he WCJ is the fact finder, and it is solely for the WCJ . . . to assess credibility and to resolve conflicts in the evidence. Neither the Board nor this Court may reweigh the evidence or the WCJ's credibility determinations. In addition, it is solely for the WCJ, as the factfinder, to

---

Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the WCJ's findings. In determining whether a finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the party who prevailed before the WCJ, and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party.

*Frog, Switch & Mfg. Co. v. Workers' Comp. Appeal Bd. (Johnson)*, 106 A.3d 202, 206 (Pa. Cmwlth. 2014) (internal quotations and citations omitted).

> determine what weight to give to any evidence. . . . As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted.

*Hawbaker v. Workers' Comp. Appeal Bd. (Kriner's Quality Roofing Servs. & Uninsured Emp. Guar. Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

"With respect to a claim petition, the claimant bears the initial burden of proving that [an] injury arose in the course of employment and was related thereto." *Frankiewicz v. Workers' Comp. Appeal Bd. (Kinder Morgan, Inc.)*, 177 A.3d 991, 995 (Pa. Cmwlth. 2017). "Whether an employee is injured in the course of employment is a question of law to be determined on the basis of the WCJ's findings of fact." *Stewart v. Workers' Comp. Appeal Bd. (Bravo Grp. Servs., Inc.)*, 258 A.3d 584, 589 (Pa. Cmwlth. 2021). Pertinently, Section 301(c)(1) of the Act states:

> The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, [] arising in the course of his employment and related thereto . . . . The term "injury arising in the course of his employment," as used in this article . . . shall include all [ ] injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411(1). Thus, Section 301(c) of the Act contemplates compensable injuries that occur in the course and scope of employment in two situations. The first and more straightforward situation is where the employee is injured, on or off the employer's premises, while "actually engaged in the furtherance of the [employer's] business or affairs . . . ." 77 P.S. § 411(1). In the second situation, an employee who is not engaged in his work at the time of injury can nonetheless be entitled to compensation where he: (1) is on a premises under the control of the employer; (2) is required by the nature of his employment to be on such premises; and (3) sustains an injury or injuries due to a condition of the premises or operation of the business. *See Workmen's Comp. Appeal Bd. (Slaugenhaupt) v. United States Steel Corp.*, 376 A.2d 271, 273 (Pa. Cmwlth. 1977); *see also Stewart*, 258 A.3d at 589. To satisfy the *Slaugenhaupt* test, the employee must prove all three of these requirements. *See Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592, 595 (Pa. 1993) ("[I]n a claim proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award.").

Here, Claimant was not actually engaged in furtherance of Employer's business or affairs; he had punched out and was entering a vehicle following his shift to go home. Therefore, to be entitled to compensation, Claimant must prove that he was entitled to compensation under the *Slaugenhaupt* test. The first two prongs of the *Slaugenhaupt* test are satisfied here; there is no dispute that Claimant was on Employer's premises, where he was required to be during his scheduled shift that had concluded a mere 15 minutes before the occurrence of Claimant's injury. *See Newhouse v. Workmen's Comp. Appeal Bd. (Harris Cleaning Serv., Inc.)*, 530 A.2d 545, 547 (Pa. Cmwlth. 1987) (concluding that 15 minutes after punching out constituted a reasonable time after the work period for purposes of *Slaugenhaupt*

7

analysis).  Thus, the only question in the instant matter is the satisfaction of the third prong of the *Slaugenhaupt* test – whether Claimant sustained his injury due to a condition of the premises or operation of the business.

As this Court has explained:

> The third prong of the *Slaugenhaupt* test requires us to examine whether the injury was caused by the condition of the premises.  We have long ago rejected the assertion that an employee must show some faulty condition or negligent operation in order to receive compensation for injuries sustained while on the employer's premises.  Indeed, the employer's lack of fault or negligence relative to the injury is of no consequence when considering the condition of the employer's premises.  Further, the condition of the premises or operation of employer's affairs need not be the immediate or direct cause of claimant's injury; it must simply play some role in the causative chain.

*Stewart*, 258 A.3d at 590 (internal citations, quotation marks, and brackets omitted) (emphasis added).

In *Slaugenhaupt*, a claimant suffered an epileptic seizure, causing him to lose control of his vehicle and strike a concrete abutment, killing the claimant. *See Slaugenhaupt*, 376 A.2d at 272-73.  The parties agreed that, while the seizure had caused the accident, the claimant's death was "not immediately occasioned by the epilepsy itself, but by the traumatic injuries resulting from the force of the car striking the abutment." *Id.* at 273.  This Court held that the concrete abutment was a condition of the employer's premises that contributed to the claimant's death. *See id.* at 274-75.

8

Likewise, in *Newhouse*, this Court found the third prong of the *Slaugenhaupt* test satisfied where a claimant was injured when he fell off the hood of a car on which he was traveling from a work site to a public road. *See Newhouse*, 530 A.2d at 546. The claimant was thrown from the hood and injured as he struck the ground when the car turned to follow a bend in the road because the exit gate was closed. *See id.* The Court determined that the closed gate and bend in the road constituted a condition of the premises that caused a claimant's injuries, despite the claimant's poor decision to sit on the hood of a moving vehicle. *See id.* at 547.

Additionally, in *Stewart*, a claimant was injured when he "slipped and fell forward to the ground while stepping down off [a] shuttle van[.]" *Stewart*, 258 A.3d at 593. The Court determined that "the ground where [the c]laimant landed constituted a condition of the premises that contributed to [the c]laimant's injuries[,]" noting that, although "[the c]laimant may have tripped over his own feet while exiting the shuttle van, [] the concepts of fault and negligence have no bearing on the application of the Act." *Id.* at 594.

However, this Court has determined that the third prong of the *Slaugenhaupt* test is not satisfied in cases where the employer's premises plays no role in the causative chain of the claimant's injury. This Court has determined, for instance, that a lightning strike is "in no way related to the condition of the premises or the operation of the employer's business." *Anzese v. Workmen's Comp. Appeal Bd.*, 385 A.2d 625, 626 (Pa. Cmwlth. 1978) (*en banc*). Similarly, where a claimant stopped to help a coworker with a disabled vehicle, the movement of the coworker's vehicle itself did not constitute a condition of the premises. *See Dana Corporation v. Workmen's Comp. Appeal Bd. (Gearhart)*, 548 A.2d 669, 670 (Pa. Cmwlth. 1988).

9

Additionally, in a case where a claimant was injured climbing over the center console of her car, which she had entered from the passenger's side door because poor snow plowing had allegedly forced vehicles to park so close together that she was unable to enter her car via the driver's side door, this Court found that "it was not the accumulated snow in the parking lot or the parked truck that caused [the c]laimant's injury; rather, it was her own act of climbing over her car's console that injured her." *See Markle v. Workers' Comp. Appeal Bd. (Bucknell Univ.)*, 785 A.2d 151, 156 (Pa. Cmwlth. 2001). In affirming the Board's denial of benefits, the Court held "that [the c]laimant's injury did not arise as a result of a condition of [the employer's] premises, but as a result of a condition in the [c]laimant's car." *Id.*

Likewise, in *Quality Bicycle Products, Inc. v. Workers' Compensation Appeal Board (Shaw)*, 139 A.3d 266 (Pa. Cmwlth. 2016), this Court found the claimant failed to meet his burden of proving that his injury was caused by a condition of the premises or the employer's business thereon where the claimant left work after he received a telephone call about a family emergency and suffered a fractured kneecap while running to his car in the employer's parking lot. *See id.* 139 at 270. As he ran toward his vehicle, the claimant heard a popping sound, felt excruciating pain, and collapsed to the ground unable to put weight on his leg. *See id.* The claimant did not allege that the parking lot caused his injury. *See id.* In fact, the claimant admitted that there was no physical condition of the parking lot that caused the injury. *See id.* As such, the Court determined the claimant failed to prove any connection between the condition of the employer's premises and his injuries and reversed the WCJ's award of benefits. *See id.*

The facts of the instant matter closely track those presented in *Shaw*. Here, Claimant testified that, after punching out for the day, he felt a popping

10

sensation as he pushed off the ground with his leg in a hurried attempt to get into the cab of his vehicle. It was not the ground, but rather this step up into the vehicle that caused Claimant's leg injury. Claimant himself testified that his injury did not result from tripping over anything in Employer's parking lot and that he did not hit his leg against the vehicle in any way. Based on this testimony, the WCJ concluded that Claimant did not meet his burden to prove that the injury he sustained was caused by a condition of the premises or the Employer's business or affairs thereon. *See* Second WCJ Decision at 11-12, R.R. at 419a-20a. In affirming the WCJ, the Board likewise found that "Claimant here injured his ankle while jumping into his truck. Neither party attributed his injury to any condition of [E]mployer's premises." Second Board Opinion at 6, R.R. at 429a.

We find no error in the Board's determination. The record reveals substantial evidence – specifically Claimant's own testimony – that Claimant's injury resulted from his own act of stepping up into the vehicle independent of contact with the ground or the vehicle. Simply stated, as in *Shaw*, Claimant's act of stepping up into the vehicle was not a condition of Employer's premises and, as such, the parking lot did not cause or contribute to the causative chain of Claimant's injury. The matter is also distinguishable from *Slaugenhaupt*, *Newhouse*, and *Stewart*, which involved injuries attributable not to a claimant's volitional act, but instead to a concrete abutment, a closed gate and unexpected turn in a road, and the ground itself. Not unlike being struck by lightning, the location of the occurrence of Claimant's injury on Employer's premises was coincidental, not related to the condition of the premises.

For these reasons, we find no error in the Board's conclusion that Claimant failed to establish the third prong of the *Slaugenhaupt* test that required

11

Claimant to prove that he sustained his injury due to a condition of the premises or operation of Employer's business. *See Shaw.* As a result, we find no error in the Board's affirmance of the Second WCJ Decision that denied and dismissed the Claim Petition.

## B. Traveling Employee

To the extent Claimant argues that the fact that Employer provided him with a company telephone and a company vehicle, for which Employer also provided gasoline, made him a "traveling employee"[4] exempt from the "coming and going" rule,[5] he is not entitled to relief. *See* Claimant's Br. at 35-38.

First, Claimant did not raise this matter initially before the WCJ, but instead attempted to argue it on remand. Generally, "[w]here a case is remanded for a specific and limited purpose, issues not encompassed within the remand order may not be decided on remand." *Levy v. Senate of Pa.*, 94 A.3d 436, 442 (Pa. Cmwlth. 2014) (quoting *In re Indep. Sch. Dist. Consisting of the Borough of Wheatland,* 912 A.2d 903, 908 (Pa. Cmwlth. 2006)) (internal quotation marks omitted). This is so

---

[4] We acknowledge that "[w]hat constitutes 'scope and course of employment' is broader for traveling employees than for stationary employees, and it includes driving to any appointment for the employer." *Jamison v. Workers' Comp. Appeal Bd. (Gallagher Home Health Servs.)*, 955 A.2d 494, 498 (Pa. Cmwlth. 2008). Whether an individual is a traveling employee is determined on a case-by-case basis in consideration of factors including "whether the claimant's job duties include travel, whether the claimant works on the employer's premises, or whether the claimant has no fixed place of work." *Id.* at 498-99 (quoting *The Baby's Room v. Workers' Comp. Appeal Bd. (Stairs)*, 860 A.2d 200, 203 n.5 (Pa. Cmwlth. 2004)).

[5] Under what is known as the "coming and going" rule, injuries sustained during the time an employee is traveling to and from his place of work are generally not compensable because the employee is neither on the employer's premises nor actively engaged in the furtherance of the employer's business. *See Best v. Workers' Comp. Appeal Bd. (City of Phila.)*, 238 A.3d 539 (Pa. Cmwlth. 2020) (citing *Peer v. Workmen's Comp. Appeal Bd. (B&W Constr.)*, 503 A.2d 1096, 1098 (Pa. Cmwlth. 1986)).

to prevent litigants from receiving a "proverbial second bite at the apple." *Id.* In this matter, the Board remanded the matter for the WCJ to make a finding of whether Claimant's injury arose in the course and scope of his employment in terms of satisfaction of the *Slaugenhaupt* test for injuries sustained by employees on an employer's premises while the employee was not engaged in furthering the business of the employer. *See* First Board Opinion at 7-8, R.R. at 405a-06a. Claimant's distinct argument regarding his alleged status as a traveling employee was neither raised below nor contemplated by either the WCJ in the First WCJ Decision or the Board in its remand opinion. *See* First WCJ Decision; First Board Opinion; Second WCJ Decision. Therefore, the issue was waived and could not be reviewed on remand or now before this Court. *See Levy*.

Further, we note that the "coming and going" rule applies in situations where an employee is traveling to or from work but is not on an employer's property. *See Peer v. Workmen's Comp. Appeal Bd. (B & W Constr.)*, 503 A.2d 1096, 1098 (Pa. Cmwlth. 1986) ("[The coming and going] rule is grounded on the recognition that in the usual case an employee traveling to or from work is neither *on the premises of his employer*, nor engaged in the furtherance of his employer's affairs, as is required by Section 301(c) of the Act." (emphasis added)). By contrast, when an employee is on his employer's property and is injured after having ended his shift, compensation for the injury must satisfy the requirements of the *Slaugenhaupt* test, as discussed *supra*. Thus, Claimant's status as a traveling or stationary employee is immaterial to his entitlement to compensation for an injury sustained while leaving Employer's premises following his completed shift. *See Quality Bicycle*; *Markle*; *Newhouse*.

13

## C. The Penalty Petition

To the extent Claimant challenges the denial of the Penalty Petition,[6] however, he is not entitled to relief. In his first decision, the WCJ denied the Penalty Petition because Employer had complied with its investigatory and documentary obligations and had a reasonable basis to contest the Claim Petition.[7] *See* First WCJ

---

[6] We note that Claimant's entire argument on this issue consists of the statement: "These issues were previously briefed and are preserved for appeal. The arguments in the January 3, 2020 [Board] briefing are incorporated by reference." Claimant's Br. at 38.

[7] In his first decision, the WCJ concluded that "Claimant has not met his burden on the Petition for Penalties of proving Employer violated the Act" and further that "Employer had a reasonable basis to contest the Claim Petition" (*see* First WCJ Decision at 13, Conclusions of Law 8-9, R.R. at 394a) based on the following two findings of fact:

> 56. This [WCJ] finds that Claimant has not met his burden on the Petition for Penalties of proving Employer violated the Act in three different ways based on the following:
>
> > a. It is evident from the Notice of Denial filed on November 28, 2018[,] that Employer investigated this injury as required by Section 406.
> >
> > b. There is no requirement in the Act that [] Employer provide an employee with a list of providers and there is no evidence of such a list in the record. Claimant's purported lack of proper notice did not keep him from timely reporting his injury or seeking and receiving medical treatment.
> >
> > c. This is essentially an allegation that Employer had no reasonable basis to contest the Claim Petition which is not properly addressed in the Petition for Penalties.
>
> . . . .
>
> 58. This [WCJ] finds that Employer had a reasonable basis to contest the Claim Petition based on the fact the injury occurred after

14

Decision at 12, Findings of Fact 56 & 58, R.R. at 393a. After reviewing the record, the Board likewise determined that Employer had a reasonable basis to contest the Claim Petition and so affirmed the denial of the Penalty Petition.[8] *See* Second WCJ Decision at 12, R.R. at 420a. We find no error in the WCJ's denial of the Penalty Petition or the Board's affirmance of that denial, based on Employer having reasonably (and ultimately successfully) contested the Claim Petition on the basis of the third prong of the *Slaugenhaupt* test, as discussed above.

## IV. Conclusion

For the reasons stated herein, we affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

everyone but Claimant had left work for the day and he didn't report the injury before he went to the hospital.

First WCJ Decision at 12, Findings of Fact 56 & 58, R.R. at 393a.

[8] Following the remand, the WCJ's discussion of the Penalty Petition consisted simply of the finding "that Employer's contest of the Claim Petition was reasonable." Second WCJ Decision at 12, R.R. at 420a.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Lewis,                              :
               Petitioner                :
                                           :
       v.                                   :
                                           :
Lehigh Asphalt Paving & Construction       :
Co. (Workers' Compensation Appeal          :
Board),                                    :    No. 1445 C.D. 2021
               Respondent               :

O R D E R

AND NOW, this 19th day of October, 2023, the December 3, 2021 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge